## Stewart's Appeal. Charlton's Estate.

1. Where an administrator, in pursuance of a decree of the Orphans' Court, has paid over money to a distributee, without notice of a bill of review, he will be protected against loss should the court subsequently open and change the decree.

2. Where the record of a case, brought up for review, is so irregular that it is impossible for the Supreme Court to decide according to the justice and equity thereof, the court may either refer the case to an auditor, or the decree may be reversed and the record remitted to the court below for a further hearing, as may be deemed most expedient.

[Stewart's Appeal.]

January 22d 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Appeal from the Orphans' Court of *Philadelphia county :* Of January Term 1877, No. 82.

Appeal by Thomas Stewart, administrator of Mary Ann Charlton, deceased, from the adjudication of his account.

Mary Ann Charlton died intestate in January 1875, leaving one child, Mary Ann Conrad, at whose instance letters of administration were granted to Stewart. On the 25th of February 1876, the administrator filed his account of the estate of said decedent, showing a balance, after payment of all claims, of $2351.66. On the 3d of April 1876, the account was audited by O'Brien, J., one of the judges of the Orphans' Court, and on the same day confirmed nisi, and adjudication made, the amount in the hands of the accountant being awarded to Mary Ann Conrad as sole distributee. On the 10th of April 1876, an exception to the adjudication was filed by one Ann Dearing, but was withdrawn by a writing filed on the 24th of April 1876. On the 27th of April William M. Charlton filed exceptions to the adjudication, and afterwards filed a petition which set forth " that he was married to the said decedent on October 31st 1850, and was her lawful husband at the time of her decease ; that he had no notice of the filing of the account in the above matter or the auditing thereof, and that from information received he believes said account to be incorrect ; that he desires to be heard on said audit and proceedings for distribution, and prays the court to order a recommittal of the same and a re-hearing."

This petition was sworn to and subscribed on the 13th of May 1876. It was endorsed " April 27th 1876, audit and adjudication opened. D. W. O'BRIEN." On the 6th of May Mary Ann Conrad filed a petition which set forth that the account of Stewart having been confirmed nisi, on the 3d of April 1876, she was advised that after the 24th of said month, by rule of court, the decree nisi became absolute ; that of the original amount in the hands of the accountant she had received $1850, and prayed that the balance, deducting costs, might be paid to her. On the same day the court ordered the administrator to pay over said balance on or before the 13th of May. On the 25th of September Stewart filed an answer to the petition of Charlton, and on October 21st the court made a supplemental adjudication, disallowing the claim of the latter. Charlton filed exceptions, the first of which the court in banc sustained, and directed another adjudication, which allowed Charlton his share as husband under the intestate laws. Stewart then took this appeal, alleging, inter alia, that the court erred ; In opening the adjudication and audit, after the same had been confirmed absolutely by the rules of said court, and the money in the hands of the administrator paid to the distributee, under the

[Stewart's Appeal.]

decree of said court without evidence that there was error of law in said adjudication or newly-discovered evidence, or evidence that the administrator had not paid over the balance found due by the decree sought to be reviewed.

*W. Horace Hepburn* and *H. F. Hepburn,* for appellant.—After the account of an administrator has been filed, audited and adjudicated, and confirmed absolutely, there are but two methods of opening the adjudication and decree, viz. by petition in the nature of a bill of review, or by appeal to the Supreme Court: Act of March 29th 1832, Purd. Dig. 885; Act of October 13th 1840, Purd. Dig. 1109; Weiting *v.* Nissley, 6 Barr 143.

To justify a bill of review there must be error apparent on the face of the account, or new facts arising since the decree, or newly-discovered evidence: Hilldebrille's Appeal, Sup. Ct., June 1853, MS.; Riddle's Estate, 7 Harris 431; Hartman's Appeal, 12 Casey 70; Green's Appeal, 9 P. F. Smith 235.

The defendant in error proceeded to open the audit and adjudication in this case by petition in the nature of a bill of review, after final decree. The petition presented to the court, and upon which the audit and adjudication was opened, is wholly defective. The defendant did not set forth therein any defect on the face of the account, or any new facts arising since the decree, or newly-discovered evidence, to justify the court in opening the decree and adjudication: Kachlein's Appeal, 5 Barr 95; Russell's Appeal, 10 Casey 258. Nor does the petition allege that the balance found due by the decree had not been paid over by the accountant: Russell's Appeal, *supra;* Craig's Appeal, 2 W. N. C. 391.

*Pierce Archer, Jr.,* for appellee.—There never was any final decree below, until that of December 8th 1876, in favor of the appellee. The matter was *in fieri* until that date. What necessity, then, for a bill of review? The confirmation, April 3d 1876, nisi, was only preliminary, and the exceptions filed on April 10th and 27th 1876, kept it suspended, and on the latter date it was absolutely opened, not confirmed.

The record shows no adjudication, no confirmation, no order to pay over up to this time. Where, then, was the need of a bill of review? The record was still in the breast of the court; could they not still add, alter or amend? It was like the report of an auditor under the old system, open until decree of absolute confirmation and dismissal of exceptions. Particularly is this view equitable where the preliminary audit was by default, in the absence of the husband, a non-resident. Where a report is referred back, the whole case is re-opened: Thoma's Appeal, 26 P. F. Smith 30; Coates's Estate, 2 Parsons 258; Metz's Appeal, 11 S. & R. 206; Bishop's Appeal, 2 Casey 470.

[Stewart's Appeal.]

Mr. Justice SHARSWOOD delivered the opinion of the court, February 4th 1878.

This record shows that there was an adjudication by the court April 3d 1876, on the final account of the appellant, when it was confirmed nisi, on payment of clerk's costs, and the costs were then paid. The third rule of the court prescribed that if exceptions are not filed on or before the third Saturday following, the adjudication shall then become absolute. The exception of Annie Dearing was filed on the 10th of April, but was withdrawn April 24th, which was the same as if none had been filed, and the adjudication then became absolute. In other words, it was a final decree. The Act of October 13th 1840, Pamph. L. 1841, p. 1, provides the mode in which such final decrees shall be reviewed upon a petition of review presented by any person interested, alleging errors in the account and setting forth such errors specifically, verified by oath or affirmation, with this important and necessary limitation : " Provided, that this act shall not extend to any cause where the balance found due shall have been actually paid and discharged by any executor, administrator or guardian." There was no formal petition of review filed in the court, but we are disposed to regard the exception of William M. Charlton, filed April 27th, though not verified by oath or affirmation, as sufficient, as it was not demurred to, and the court proceeded to review or rehear the account. There is on the paper-book a petition by W. M. Charlton for a rehearing, sworn to May 13th, and endorsed by one of the judges, " April 27th 1876, audit and adjudication opened." December 2d 1876, the first exception of Charlton was sustained, and on the 8th of December a corrected adjudication was filed. In the meantime, however, and pending these exceptions, and after the adjudication of April 3d was opened, the record shows other proceedings. On the 6th May, Mary Ann Conrad, the distributee, to whom the balance in the hands of the appellant had been awarded, under the decree of April 24th, presented a petition, setting forth that of the award of $2351.56 she had received from the appellant $1850, and praying that the balance, after deducting court costs, should be paid to her. Whereupon, on the same day, an order was made directing the administrator, the appellant, to pay to the petitioner the balance of $488.16, on or before Saturday, May 13th 1876.

A more irregular and inconsistent record has rarely been brought up to this court for review. By the Act of April 14th 1836, sect. 4, Pamph. L. 276, it is provided that in all cases of appeal from the Orphans' Court, this court shall hear and determine the same as to right and justice may belong, and refer the same to auditors, when, in their discretion, they may think proper. And, again, by the Act of 16th June 1836, sect. 2, Pamph. L. 683 : " It shall be the duty of the Supreme Court of this Commonwealth, in all cases of appeals now made or that may hereafter be taken from the

[Stewart's Appeal.]

decrees of the several Orphans' Courts, to hear, try and determine the merits of such cases, and to decree according to the justice and equity thereof." Upon the record in this case it is impossible to decide according to the justice and equity of the cause. The most material fact, whether the appellant had actually paid the sum awarded, or any part thereof, to Mary Ann Conrad, before notice of the application for a review, does not appear, though there is a solemn admission by her on record that she had received a large part of it. We might refer the case to an auditor, but in the present state of our business we consider it most expedient to reverse the decree and remit the record to the court below for a further hearing. If the sum or any part of it was actually paid over according to the decree, before notice of the application for a review, both the express provision of the Act of 1840 and the plain dictates of justice and equity require that the appellant should be protected.

Decree reversed and record remitted to the court below for a further hearing.