ESTATE OF J. H. SHOENBERGER, DEC'D.

APPEAL BY THE PENNA. CO. FOR INS., ETC., ET AL. FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued October 30, 1890—Decided January 5, 1891.<br>[To be reported.]

1. The decree of the register of wills, admitting to probate the last will and testament of a decedent, is a judicial act; and, where it does not appear upon the face of proceedings that he had no jurisdiction, his decree, unappealed from and unreversed, is conclusive, and cannot be attacked collaterally.

2. Conceding that, construing §§ 6 and 12, act of March 15, 1832, P. L. 136, together, the copy of a will proved in another state can be proved in this state only where the principal part of the estate is found, it is for the register, to whom such copy is presented, to inquire and determine where such principal part of the estate is situate.

3. That question is a jurisdictional question, which it is the register's duty

Statement of Facts.

as well as his right to decide; and, therefore, having jurisdiction of the subject matter, his decision admitting the copy to probate cannot be set aside collaterally as void: Frick's App., 114 Pa. 29; Wall v. Wall, 123 Pa. 545, distinguished.

4. Section 5 of said act of 1832 contains no provision that the register of wills shall preserve the evidence upon which he acts; wherefore, his decree is not subject to collateral attack, on the ground that his record does not show that the principal part of the estate of a non-resident testator is within his county.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 114 October Term 1890, Sup. Ct.; court below, No. 131 April Term 1890, O. C.

On April 24, 1890, upon the petition of the Pennsylvania Company for Insurance, etc., A. J. Antelo, Andrew Long and John M. Brownson, executors of the will of John H. Shoenberger, deceased, a citation was awarded directed to Samuel P. Conner, register of wills of Allegheny county, to show cause why an appeal from his order, made on April 15, 1890, that letters testamentary be granted by said register to the executors aforesaid, should not be allowed, and said order set aside.

The answer of the register, filed May 7, 1890, was not exhibited in the paper-books, but from the records set out in the appendix, it appeared that S. P. Conner, the register of wills for Allegheny county, had issued a citation to the Pennsylvania Co., A. J.-Antelo and J. M. Brownson, executors, etc., to show cause why letters testamentary should not be issued upon the will of John H. Shoenberger deceased, by the register of wills of Allegheny county; that on April 3, 1890, the respondents answered that in and by the last will and testament of John H. Shoenberger, late of the city and state of New York, the respondents were appointed the executors thereof; that on January 16, 1890, letters testamentary on said will were granted by the surrogate of the city and county of New York to Alice E. Shoenberger and Alexander G. Mason, of said city and county, who had assumed and were exercising the duties thereby devolved upon them; that on January 30, 1890, an exemplified copy of the said will was duly proved in the register's office of the city and county of Philadelphia, in the commonwealth of Pennsylvania, and letters testamentary granted there-

Decision of Court below.

on to the respondents, as appeared by a certified copy of the letters attached, and the respondents had assumed and were exercising the duties devolved upon them by said letters; wherefore, the respondents were advised that good cause was shown why letters testamentary on said will should not be granted by the register of wills of Allegheny county.

It further appeared that on April 15, 1890, Samuel P. Conner, register, etc., of Allegheny county, upon hearing had and testimony taken, found that personal estate of the testator, on deposit in Allegheny county banks, interests in partnerships, stocks in corporations, and mortgages on real estate, all in Allegheny county, amounted in value to $470,846.32; that there was also personalty of said estate in Pennsylvania, outside of Allegheny county, amounting in value to $47,580.10; that the real estate of the testator in Pennsylvania was situate in the counties of Allegheny, Washington, Huntingdon, Fayette, Blair and Centre, but the greater portion in value was in Allegheny county; that there was neither real estate nor personal estate of the testator in Philadelphia county; that "under the undisputed facts, jurisdiction to issue letters in Pennsylvania, is exclusively in the register of Allegheny county, and the act of the register of Philadelphia county in issuing letters is void and of no effect," and that the register, therefore, ordered that letters testamentary be granted to the Pennsylvania Co., etc., and A. J. Antelo, of Philadelphia, and Andrew Long and John M. Brownson, of Pittsburgh, "upon their appearing within ten days and qualifying according to law; and upon the failure of said executors so to do, that letters of administration, with the will annexed, be then issued to some other fit person or persons."

The matter was set down for hearing upon the petition and answer, and, after argument thereof, the court, OVER, J., on May 14, 1890, filed the following decision:

FINDINGS OF FACT.

John H. Shoenberger, a resident of New York city, died testate, on November 12, 1889, leaving to survive him a widow but no issue. He left a large estate, and appointed his wife, Mrs. Alice Shoenberger, executrix, and A. G. Mason, executor of his will, relative to that portion situated in New York; and the Pennsylvania Company for Insurance on Lives, etc., of the

Decision of Court below.

city of Philadelphia, Andrew Long, of Pittsburgh, J. M. Brownson, of Pittsburgh, and Anthony J. Antelo, of Philadelphia, executors and trustees of that portion in the states of Pennsylvania, Ohio, Kentucky and Illinois, "and of any property that may be transferred to them," by the New York executors.

The principal part of his estate in Pennsylvania is situated in this county, consisting of $470,846.32 of personalty, viz., Deposits in banks, interests in the firms of Shoenberger & Co. and Shoenberger, Speer & Co., stocks, bonds and mortgages; and real estate of the value of $472,000. He devised valuable real estate in the 17th ward, Pittsburgh, and bequeathed a direct legacy of $550,000, and a residuary legacy of $250,000 to his Pennsylvania executors and trustees, for the erection and endowment of a hospital.

The will was probated in the city of New York, and an exemplification of the record being presented to the register of wills of Philadelphia county, he issued letters testamentary thereon. An exemplification was subsequently filed for record with S. P. Conner, Esq., the register of this county. He being of opinion from an inspection of the will, that the principal part of the testator's estate in Pennsylvania was in this county, and it appearing to be subject to a collateral inheritance tax, issued a citation upon the executors to show cause why they should not appear before him and take out letters; and, having found from the testimony adduced at the hearing that the principal part of the estate was in this county, he decreed that he would issue letters to them upon their applying within ten days and qualifying according to law, and that upon their failure so to do, letters, with the will annexed, would be issued to some other fit person. From this decision of the register the executors have taken this appeal.

OPINION.

The sixth section of the act of March 15, 1832, P. L. 136, provides that "letters testamentary and of administration shall be grantable only by the register of the county within which was the family or principal residence of the decedent, at the time of his decease, and if the decedent had no such residence in this commonwealth, then by the register of the county where the principal part of the goods and estate of such decedent shall be." The twelfth section of the same act provides that

Decision of Court below.

" copies of wills and testaments proved in any other state or country, according to the laws thereof, and duly authenticated, may be offered for probate before any register having jurisdiction, and proceedings thereon may be had with the same effect, so far as respects the granting of letters testamentary, or of administration, with the will annexed, as upon the originals."

These two sections are to be construed together, and it is evident that the register having jurisdiction under the twelfth, to admit to probate a copy of a will of a deceased non-resident and issue letters thereon, is the register of the county in which the principal part of his goods and estate are situated, to whom the sixth section gives jurisdiction to issue letters.   There can be no doubt then, under the facts of this case, that this jurisdiction is vested in the register of this county.

It is contended, however, by the appellants, (1) that, as the register of Philadelphia county has issued letters, the presumption is that he found that the principal part of the estate was in that county ; that his decision can only be reviewed on appeal therefrom, and cannot be attacked collaterally ; and (2) that the register of Allegheny county had no authority on his own motion to cite the executor to take out letters.

1. The jurisdiction of a register of wills in this state is limited to the probate of wills and granting of letters on the estates of decedents residents of his county ; and, as to non-residents of the state, to those the principal part of whose estate is situated in the register's county.   It is therefore limited and special : Wall v. Wall, 123 Pa. 545 ; and, if the facts necessary to give such a tribunal jurisdiction do not appear on the face of its proceedings, and are not proved aliunde, the whole will be invalid, and may be set aside as a nullity when called in question in the course of a collateral controversy : Cupps v. Durbin, 1 Sm. L. C. 1105 ; Camp v. Wood, 10 W. 118 ; Tor-. rance v. Torrance, 53 Pa. 505.   And in Devlin v. Commonwealth, 101 Pa. 276, it was said that the decrees of a register " are final and conclusive until reversed by superior tribunal, when under the statute, he has jurisdiction ; but, if made without jurisdiction, they are worthless and void, and may be impeached in any collateral proceedings."

There is no averment or finding, in the record of the proceedings before the register of Philadelphia county, that the

principal part of the estate was in it. He evidently assumed jurisdiction without investigating that question. It was a jurisdictional question, and the record should show that it was decided affirmatively before the letters were issued. Had he passed upon it, his decision, no doubt, could have been reviewed only on appeal; but, until it was decided in the affirmative, his jurisdiction to issue letters did not attach, and his action in issuing them was, under the statute, without jurisdiction and liable to be impeached in a collateral proceeding. And, as it appears from the evidence that the jurisdiction is vested in the register of this county, the letters are void and of no effect: § 5, act of March 15, 1832, P. L. 136.

2. It is the duty of registers of wills, as agents of the commonwealth, to collect the collateral inheritance tax in all estates within their jurisdiction subject to it. The first step is to have letters issued; and the commonwealth is undoubtedly interested in having estates subject to the tax legally administered. The first section of the act of March 22, 1841, P. L. 99, makes it the duty of the register, whenever any executor or administrator of a decedent, whose estate is subject to the tax, shall have neglected to file an account within the period allowed by law, to cite them to file one. As this act would be nugatory, where letters were not taken out, if, on his own motion, he could not also cite persons interested to take them out, he surely has this power; and, in case of their refusal, and no creditor applying by the letter and spirit of the statutes, he could grant the letters to any fit person at his discretion: Frick's App., 114 Pa. 34.

That case seems to be directly in point. There, it was claimed that the decedent's domicile was in Massachusetts, and letters were issued there. Ancillary letters were taken out in this county, where his principal estate was located. Subsequently, the register of Fayette county, on his own motion, granted letters to H. C. Frick, a stranger. He applied to this court to have the ancillary letters vacated, which was done. The Orphans' Court of Fayette county then vacated the letters issued to Frick; he appealed; its decree was reversed, and it was held that the register, having jurisdiction, rightfully granted the letters to Frick, and that it was proper the register should act promptly.

The appeal is dismissed at the costs of the appellant.

Thereupon, the petitioners took this appeal, specifying that the court erred:

1. In holding that the action of the register for Philadelphia city and county, in granting letters testamentary to the appellants, was void for want of jurisdiction.

2. In sustaining the action of the register for Allegheny county, and in dismissing the appeal from the same.

3. In dismissing the appeal at the costs of the appellants.

*Mr. George Shiras, Jr.,* (with him *Mr. John G. Johnson*), for the appellants:

1. The error of the register and the court below was in treating the case of a will, admitted to probate in another state, as if it came within § 6, act of March 15, 1832, P. L. 136. That section, in terms and spirit, is applicable to the case of a resident of this commonwealth. If the decedent, in such case, had a family residence, then the register of the county of the residence would have jurisdiction; if without such residence, then the register of the county in which the larger part of his estate was, would have jurisdiction. But, it is § 12 of the act which relates to the case of a non-resident whose will has been admitted to probate in another state, and that section contains nothing that restricts the power of granting letters testamentary to the register of the county in which the larger part of the estate of the testator may happen to be found.

2. Even, however, if the court below was right in treating § 6 of the act as applicable to this case, yet the register for Philadelphia county, in granting the letters, was acting in a judicial capacity, and his decree or order in the premises cannot be attached collaterally. The presumption that he acted rightly, is an indisputable one in every other county in the state. Otherwise, the spectacle might be presented of every register in the state, of his own motion, taking evidence and declaring his own jurisdiction to be the sole one. Conceding, for the sake of the argument, that the question of the comparative amount of the estate, as between several counties, was jurisdictional, still, to avoid confusion and unseemly contests, the register first acting must be deemed to have acted duly, until and unless he is corrected on a direct appeal.

3. It was thought, however, that a valid distinction could

Arguments.

be made in the present case, because the record of probate in Philadelphia did not affirmatively show that the register took evidence on the subject of the locality of the larger portion of the estate. But § 5, act of March 15, 1832, P. L. 136, does not provide that the register shall preserve the evidence on which he acts. And grant, that when a record discloses that a court has no jurisdiction, then its decision is a nullity and can be impeached collaterally, yet, in the present case, the register of Philadelphia plainly has jurisdiction to inquire into the facts, and, this being so, his decision must stand until overturned on appeal. Frick's App., 114 Pa. 31, was a case of intestacy, and the jurisdiction of the register of Fayette county was upheld because the intestate had his domicile in that county ; and, in Wall v. Wall, 123 Pa. 549, the want of jurisdiction was apparent on the face of the record. Moreover, the creation of two separate, co-ordinate administrations upon the same estate, is unknown in our practice, and an irregularity : Brubaker's App., 98 Pa. 21.

*Mr. R. B. Petty*, for the appellee :

1. The fact having been established that the principal part of the goods and estate of the decedent is in Allegheny county, the plain provisions of §§ 5, 6 and 12, act of March 15, 1832, P. L. 136, vest exclusive jurisdiction to admit to probate the copy of the will and issue letters thereon in the register of Allegheny county, and make the act of the register of Philadelphia county void and of no effect. The argument that § 12 introduces a different system with reference to wills of non-residents is without force, for that section provides only that such wills may be offered for probate before any register "having jurisdiction," and §§ 5 and 6 settle beyond all question what register shall have jurisdiction.

2. The point that, the register of Philadelphia county having assumed jurisdiction, his action cannot be attacked collaterally, is opposed to the authorities, which hold without exception that the act of a court or officer of limited jurisdiction is not conclusive and may be inquired into collaterally. The proceedings of probate courts are not according to the course of the common law ; their jurisdiction is special and limited : 3 Redf. on Wills, 56 ; Griffith v. Frazier, 8 Cranch 9 ; Devlin v. Com-

Opinion of the Court.

monwealth, 101 Pa. 273; Wall v. Wall, 123 Pa. 545. And, in Cupps v. Durbin, 1 Sm. L. C. 816–819, it was held that when a court or officer exercises a limited and special jurisdiction, all the facts necessary to support that jurisdiction, in any particular case, must appear of record; otherwise, the proceedings are not merely voidable but void. This has been approved in Camp v. Wood, 10 W. 118, and Torrance. v. Torrance, 53 Pa. 505. , The case at bar is ruled by Frick's App., 114 Pa. 29.

OPINION, MR. CHIEF JUSTICE PAXSON:

We quite agree with the learned judge of the Orphans' Court that the decree of the register of wills, granting letters testamentary, is absolutely void, if it appears on the face of the proceedings that he had no jurisdiction, and that it may be impeached in any collateral proceeding. We do not differ upon the law, only upon its application. The mistake into which the learned judge below inadvertently fell was in assuming that the register of wills for the county of Philadelphia had no jurisdiction.

The testator, John H. Shoenberger, was a resident of the city of New York, and died there on November 12, 1889, leaving a large estate, in New York, Pennsylvania, and elsewhere. His will was duly probated in New York; an exemplification of the record was presented to the register of wills for the county of Philadelphia, and letters granted there to the executors named therein, as to the estate in Pennsylvania. One of those executors was the appellant company; another was a gentleman residing in that city; the other two executors were residents of Pittsburgh. The register of wills for the county of Allegheny, conceiving that letters were improvidently granted in Philadelphia, issued a citation to the executors to show cause why they should not appear before him and take out letters in Allegheny county, and, after hearing testimony, decreed that he would issue letters to them upon their applying to him for that purpose within ten days, and that, upon their failure to do so, letters, with the will annexed, would be issued to some other fit person. From this decree the appellants appealed to the Orphans' Court, which court affirmed the decree of the register. The appellants then entered this appeal.

The action of the court below was based upon the act of

Opinion of the Court.

March 15, 1832, § 6, which provides that "letters testamentary and of administration shall be granted only by the register of the county within which was the family or principal residence of the decedent, at the time of his decease, and if the decedent had no such residence in this commonwealth, then by the register of the county where the principal part of the goods and estate of such decedent shall be." The twelfth section of the same act provides that "copies of wills and testaments proved in any other state or country, according to the laws thereof, and duly authenticated, may be offered for probate before any register having jurisdiction, and proceedings thereon may be had with the same effect, so far as respects the granting of letters testamentary, or of administration, with the will annexed, as upon the originals." The learned judge below held that these sections must be construed together, and that, where letters have been granted in another state, they can only be probated here in the county where the principal part of the goods and estate of such decedent shall be. If we concede the correctness of this position, which we do not regard as necessary for the purposes of this case, we are still of opinion the decree below cannot be sustained. ·

When application was made to the register of wills of Philadelphia, he had a right to inquire as to where the principal part of the goods and estate of the testator were situate in this state. It was a jurisdictional question which it was his duty, as well as his right, to decide. He therefore had jurisdiction over the subject matter, and his decision cannot be set aside collaterally as void. In this respect, the case differs from those cited. In Wall v. Wall, 123 Pa. 545, the register had admitted to probate a will which showed upon its face that it was no will. It was not signed, nor was its non-execution accounted for under the act of 1833. This clearly appears by the opinion of Mr. Justice WILLIAMS, who said at page 554: "The proofs produced, instead of showing that the paper was approved by the testator, but its execution prevented by the extremity of his last sickness, showed very clearly that he had not examined it and could not have intended its execution, because he was dead when it was finished. The register was therefore without jurisdiction. The writing produced was not signed, nor was the failure to sign accounted for, as the act of 1833 required, in order to entitle the writing to probate."

Opinion of the Court.

Frick's App., 114 Pa. 29, was much relied upon by the appellee, but it does not meet the case. There, William Baldwin, the decedent, was a resident of Fayette county, in this state, where he died intestate in 1834. None of his relatives appearing to claim administration, letters were granted by the register of that county to H. C. Frick, on February 13, 1884. Prior to the granting of these letters in Fayette county, to wit, on January 15, 1884, letters of administration had been taken out in Massachusetts, and, on February 8, 1884, ancillary letters of administration were granted on the same estate by the register of Allegheny county. After considerable litigation, which it is not necessary to refer to in detail, Frick's letters were finally sustained by this court. It is plain that the letters granted in Allegheny county were void, for the reason that the decedent was a resident of Fayette county.

The learned judge lays much stress upon the fact that there is no averment or finding in the records of the proceedings before the register of Philadelphia county, that the principal part of the estate was in it. But it is begging the question to assume that he did not pass upon it. The fifth section of the act of 1832 contains no provision that the register shall preserve the evidence upon which he acts, and we are bound to presume, as in every case of a judicial officer, that he has done his duty. While his decision stands unappealed from, it is conclusive, and cannot be reversed and set aside by the decision of the register of another county. We need not pursue the subject further.

> The decree of the Orphans' Court, affirming the decree of the register and dismissing the appeal therefrom, is reversed and set aside at the costs of the appellees.