## Gormley's Estate. Lockhart's Appeal. Gormley's Appeal.

*Will—Issue—Vested and contingent estates.*

Testator after bequeathing a legacy to his granddaughter, directed " that if my said granddaughter should die, either before or after my death, and leave no child or children or the descendant of any of her children to survive her, then this legacy and devise to her is to revert to my three children aforesaid." The granddaughter died subsequent to the testator, unmarried and without issue. *Held*, that the testator contemplated a definite failure of issue, and that distribution should be made not to the granddaughter's administrator, but to testator's children.

Testator, after absolute devises and bequests to his two daughters, directed as follows : " The property heretofore given to my said daughters, both real and personal, I will and direct shall be for their sole and separate use free from any and all control of their respective husbands, and if either or both of my said daughters should die before her respective husband, I hereby will and direct that the property herein given to her shall at once descend to and be vested in the children of the daughter or daughters so dying, and that the husband or husbands of the daughter or daughters so dying shall have no interest or curtesy in the property left to his wife." One of the daughters died prior to her husband. *Held*, that the limitation over took effect at her death, and her contingent bequest vested in her children.

*Life estate—Security by life tenant—Effect of decree of court.*

In the above case testator empowered his daughters with the consent of their husbands to sell any part of the real estate devised to them, and to invest the proceeds of the sale subject to the trusts of the will without liability on the part of the purchaser to see to the application of the purchase money. *Held*, that the testator virtually made his daughters trustees of his estate, and that distribution should be made to them subject to the trusts contained in the will without requiring security.

It seems that an executor who pays over a fund to a life tenant who has not been required to enter security, is protected by the decree of the orphans' court.

Argued Nov. 9, 1892. Appeals, Nos. 250, 251 and 286, Oct. T., 1892, by Robert Lockhart, administrator of Mary E. Lockhart, deceased, and administrator of Maria J. Lockhart, deceased, and by James T. Gormley, executor of James Gormley, deceased, from decree of O. C. Allegheny Co., Jan. T., 1892, No. 37, dismissing exceptions to adjudication. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Audit of account of James T. Gormley, executor of James Gormley, deceased.

The opinion of the court below was as follows, by OVER, J.:

"James Gormley died testate on the first day of October, 1890, leaving to survive him his widow, one son and two daughters.

"After making provision for his widow in his will and making devises to his two daughters, Mrs. Anna Wettengell and Mrs. Maria Lockhart, and his son, James T. Gormley, he provided as follows in the sixth clause : 'To my granddaughter, Mary Emma Lockhart, I give the sum of ten thousand dollars ($10.000), also the house and three lots of ground in Colvins plan in said Chartiers township, the house and one lot formerly owned by Mrs. Margaret Thomas, and the two adjoining lots by Boyd, but it is my will, and I hereby direct, that if my said granddaughter should die, either before or after my death, and leave no child or children or the descendants of any of her children to survive her, then this legacy and devise to her is to revert to my three children aforesaid.' Mary E. Lockhart died subsequently to the testator unmarried and without issue.

"In the seventh clause of the will the testator provided as follows : 'Seventh : All the balance of my property, real and personal, I give to my said three children to be divided equally between them.' And in the eighth as follows : 'The property heretofore given to my said daughters, Maria and Anna, both real and personal, I will and direct shall be for their sole and separate use free from any and all control of their respective husbands, and if either or both of my said daughters should die before her respective husband, I hereby will and direct that the property herein given to her shall at once descend to and be vested in the children of the daughter or daughters so dying,

and that the husband or husbands of the daughter or daughters so dying, shall have no interest or curtesy in the property left to his wife as aforesaid, and I further empower either of my said daughters with the consent of her husband, if living, to sell all or any part of the real estate herein devised to her and to invest the proceeds of such sale or sales subject to the trusts above mentioned without liability on the part of the purchaser to see to the application of the purchase money.'

"Mrs. Maria Lockhart died since the testator, leaving to survive her her husband, Robert Lockhart, and five children. The other daughter, Mrs. Anna Wettengell, and her husband are living. Robert Lockhart is administrator of the estates of his deceased wife, Maria Lockhart, and daughter, Mary E. Lockhart.

The fund for distribution is personalty, and the questions to be decided at this audit are: (1) Was the legacy to Mary E. Lockhart vested and should it be distributed to her administrator or the testator's three children. (2) Was the bequest of personal estate to Mrs. Maria Lockhart made contingent upon her surviving her husband by the eighth clause of the will; and should it be distributed to her administrator or her children. (3) If the bequests of personalty to the testator's daughters were contingent should security be required of Mrs. Anna Wettengell on distribution to her.

"(1) It is contended that the words 'child or children or the descendants of any of her children,' used in connection with the devise and bequest to Mary E. Lockhart in the sixth clause of the will, are synonymous with the word issue ; that the limitation over was upon an indefinite failure of issue, and therefore bad ; that the legacy vested absolutely in her and should be distributed to her administrator. The words used are the equivalent of issue, and no doubt in construing the will the word issue should be substituted for them.

"If it be so substituted it is somewhat doubtful under the authorities whether the limitation over is upon a definite or indefinite failure of issue, but under the authority of Snyder's Appeal, 95 Pa. 174, and Miller's Estate, 145 Pa. 565, it would seem that a definite failure of issue was intended. In the latter case the testator gave to his grandson, Albert, an equal share of his estate, real and personal, with the testator's children, and

provided, 'But if said Albert should die before he has any heirs, then his share shall revert back among my other heirs.' Albert survived the testator, but died intestate, unmarried and without issue, leaving his father to survive him. And it was held that a definite failure of issue was intended and that the limitation over was good. In Snyder's Appeal, supra, the bequest was to H, and if he should 'at any time die without issue, I then give and bequeath' over to all testator's children, and it was held that a definite failure was intended and that the bequest over was good.

"Here the provision is, the word issue being substituted for children, 'that if my said granddaughter should die either before or after me' (i. e., at any time) 'and leave no issue to survive her then' (that is, at her death without issue) 'this legacy and devise to her is to revert to my three children aforesaid.' The meaning of the words used in Snyder's Appeal appears to be identical with those used here. It follows, therefore, that a definite failure of issue was intended and distribution of the legacy cannot be made to Mary E. Lockhart's administrator.

"(2) This case is to be distinguished from Faries' Appeal, 23 Pa. 29, Dubs v. Dubs, 31 Pa. 149, and Rank v. Rank, 120 Pa. 194. In those cases the devises and bequests were absolute, followed by an attempt to create coverture trusts and to set aside the statutory order of descent, without providing a different order; and it was held that the devises and bequests were vested and absolute. Whilst here, by the eighth clause of the will following the bequests and devises to his daughter, testator makes them contingent, sets aside the statutory order of descent and provides a different order by directing that if either or both of his daughters should die before their respective husbands, the property given to them should at once descend to and be vested in their children. The bequests to testator's daughters seem to be contingent upon their surviving their husbands. And as Mrs. Lockhart died prior to her husband, the limitation over took effect at her death, and her contingent bequest vested in her children, to whom it will be distributed.

"(3) Mrs. Wettengell and her husband are both living, and if the bequest to her be contingent, security should be required on distribution to her, unless the testator has otherwise directed. By implication he seems to have done so. He evidently had

every confidence in his daughters and their husbands, as in the latter part of the eighth clause he empowers his daughters, with the consent of their husbands, to sell the real estate and invest the proceeds subject to the trusts mentioned therein, without liability on the part of the purchaser to see to the application of the purchase money, thus virtually making his daughters trustees of his estate. As such they are subject to the jurisdiction and supervision of this court, and could be removed for any breach of duty. Having given them custody as trustees of the proceeds of the sales of realty without requiring security, it is to be presumed that he intended them also to have in the same capacity and without security the custody of the personalty. Distribution will therefore be made to Mrs. Wettengell, subject to the trusts and limitations contained in the eighth clause of the will, without requiring security."

Appellants filed exceptions, which were dismissed.

*Errors assigned* in these appeals were dismissal of exceptions and decree of the court, quoting them.

*J. S. Ferguson, E. G. Ferguson*, with him, for appellants, Lockhart's executors, cited: Barstow v. Goodwin, 2 Bradf. (N. Y.) 413; Jewell v. Jewell, 28 Cal. 236; Baker v. Baker, 8 Gray, 101; Smith's Ap., 23 Pa. 9; Mason v. Ammon, 117 Pa. 127; Chess's Ap., 87 Pa. 362; Coggin's Ap., 124 Pa. 12; 2 Jarman on Wills, 562; Smith's Ap., 23 Pa. 9; Hall v. Priest, 72 Mass. 18; Beauclerk v. Dormer, 2 Atk. 308; Albee v. Carpenter, 66 Mass. 387; Homer v. Shelton, 43 Mass. 194; Ellis v. Merrimack Bridge Co., 19 Mass. 243; Ringe v. Kellner, 99 Pa. 460.

*J. McF. Carpenter*, for appellees, in Lockhart's Appeals, cited: Scott v. Price, 2 S. & R. 59; Kelso v. Dickey, 7 W. & S. 279; Bedford's Ap., 40 Pa. 18; Koppenhaffer's Ap., 87 Pa. 196; Miller's Est., 145 Pa. 562; Eichelberger v. Barnetz, 17 S. & R. 293; Sheets's Ap., 52 Pa. 257; Scott v. Price, 2 S. & R. 61; Snyder's Ap., 95 Pa. 174; Miller's Est., 145 Pa. 565.

*J. McF. Carpenter*, not heard, for appellant, James T. Gormley, executor, cited: Faries' Ap., 23 Pa. 29; Rank v. Rank, 120 Pa. 194; Merkel's Ap., 109 Pa. 238; Straub's Ap., 1 Pa. 86.

*George N. Chalfant*, not heard, for appellee, in Gormley's Appeal, cited : Lark v. Linstead, 2 Md. 420 ; Hunter v. Green, 22 Ala. 329 ; Weeks v. Jewett, 45 N. H. 540 ; Lynde v. Estabrook, 7 Allen, 68 ; Homer v. Shelton, Ex'rs, 2 Metc. 194 ; Charlton's Ap., 88 Pa. 476.

## LOCKHART'S APPEALS.

PER CURIAM, January 3, 1893 :

The appellant has entered two appeals.    In No. 251, Oct. T., 1892, he appeals as administrator of Maria J. Lockhart, his deceased wife, from the decree of the orphans' court, distributing a fund in the hands of James T. Gormley, executor of the last will and testament of James Gormley, deceased.    In No. 250, Oct T., 1892, he appeals as administrator of Mary E. Lockhart, his deceased daughter, from the same decree.

The facts involved in these appeals, and the law bearing upon them, have been so clearly stated by the learned judge of the orphans' court, that any further discussion of them is unnecessary.

The decree is affirmed in each case, and the appeals dismissed at the costs of the appellant.

## GORMLEY'S APPEAL.

PER CURIAM, January 3, 1893 :

This is an appeal from the same decree as that in Lockhart's appeals, just decided.    The only error specified is, that the court below made distribution to Mrs. Anna B. Wettengell, subject to the trusts and limitations contained in the eighth clause of the will, without requiring security.

The appeal does not appear to have been taken in any spirit of controversy, but mainly for the protection of the executor. He appears to have been under the impression that the decree of the orphans' court was no protection.    In this we think he was mistaken: See Stewart's Appeal, 86 Pa. 149, and Charlton's Appeal, 88 Id. 476.    Be that as it may, the learned judge of the orphans' court has given sufficient reasons for not requiring security.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.