## Davis's Estate.

*Wills—Probate—Testamentary character of writing—Conditions —Words and phrases—"Near future"—Certificates of deposit— Delivery—Letter—Case for court.*

1. Where a writing is testamentary in character on its face the question is one for the court.

2. Where testator, having in his possession, three months before his death, two certificates of deposit drawn to bear interest for six months, endorses them respectively to a nephew and the latter's

wife, and delivers them to a friend with a letter, in which he requests the latter to hold them and, if he should die "in the near future," to deliver them to the endorsees, and no evidence of extrinsic matters to throw light on the meaning of that phrase is presented, the letter will be construed as testamentary in character, and the court will be held to have committed no error in finding that death within a little more than three months was "in the near future," within the meaning of the words used by testator.

3. The mere fact that such will was in the form of a letter, does not affect the result.

4. Whether there has been a performance or breach of a condition precedent, or of a condition subsequent, depends upon a construction of the condition,—a reasonable construction to be given in favor of the beneficiary and a strict construction against a forfeiture, and upon the circumstances of the particular case.

Argued May 22, 1922. Appeal, No. 9, May T., 1922, by A. C. Davis et al., from decree of O. C. Fulton Co., dismissing appeals from register of wills, in estate of A. K. Davis, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Appeal from register of wills. Before McPherson, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. A. C. Davis et al., heirs at law and next of kin, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Herbert T. Ames,* with him *Jno. P. Sipes* and *S. W. Kirk,* for appellants.—Where the donor delivers property to a third person for a donee with authority to deliver it to the latter, such depositary is the agent of the donor until the authority is executed and the article is delivered, and when such delivery does not take place in the donor's lifetime, his death revokes the agency, and no delivery thereafter is valid: Walsh's App., 122 Pa. 177; Cooper's Est., 263 Pa. 37, 43; Clapper v. Frederick, 199 Pa. 609, 613; Isett v. Maclay, 265 Pa. 165, 169.

An instrument, limited by a condition as to its operation, cannot be admitted to probate as a will after failure of the contingency, on the happening of which it was to take effect: Todd's Will, 2 W. & S. 145; Hamilton's Est., 74 Pa. 69; Morrow's App., 116 Pa. 440; Jeffries's Est., 18 Pa. Superior Ct. 439; Forquer's Est., 216 Pa. 331.

*John R. Jackson,* with him *T. Z. Minehart* and *Paul M. Crider,* for appellees, cited: Jeffries's Est., 18 Pa. Superior Ct. 439; Forquer's Est., 216 Pa. 331.

OPINION BY MR. JUSTICE SADLER, June 24, 1922:

A. K. Davis, a dentist, residing in Fulton County, suffered a stroke of paralysis in 1914, from which he never fully recovered. He lived with his nephew, H. E. Chestnut, until his death on July 17, 1919. On April 12th of that year he made two deposits in the Fulton County Bank, one in the amount of $2,000 and the other $4,000. The first certificate he transferred by endorsement to Mrs. Chestnut, and the second to her husband, but he did not deliver to them personally. Two days later, both were sent to a friend, accompanied by the following letter: "I will ask a favor of you I am sending to sirtificets one for $4000. thousand and wone for 2000. thousand the for thousand is transferd to H. E. Chestnut and the wone for 2000. is transferd to Mrs. H. E. Chestnut. Now I want you to hold theas cirtificates and shoul I dye in the near futur you deliver the cirtificiates to H. E. Chestnut 4000. and his wife 2000 thousand and oblige me thanking in advance for the troubel

"A. K. Davis

"P. S. I am feling good hope this finds you well."

"A. K. D."

After the death of Davis, letters of administration were granted upon his estate, but, upon presentation of the above communication to the register of wills, these were

revoked, and the writing was probated as the decedent's last will and testament. From this order an appeal was taken to the orphans' court, and, upon petition, subsequently amended, a citation was issued directed to the proponents. An answer was filed, and later a replication thereto was interposed by the contestants. The questions raised were the testamentary character of the paper, and whether, if contingent upon death "in the near future," a compliance with this condition appeared, so as to give validity to the will if valid in other respects. The learned court below answered these queries in the affirmative, and from its decree dismissing the proceeding, this appeal is taken.

That the writing was testamentary in character is apparent upon its face, and, this being so, the question was one for the court, and was properly decided by it: McCune's Est., 265 Pa. 523. The mere fact that the will was in the form of a letter does not affect the result: Knox's Est., 131 Pa. 220; Scott's Est., 147 Pa. 89. Its effectiveness was made contingent, however, upon death "in the near future," and it is insisted that this having occurred slightly more than three months thereafter, the facts necessary to cause it to be operative were not present, and hence the probate was improper. It is unnecessary to discuss whether the writing was a contingent will, or otherwise,—all parties have treated it as such an instrument. It may be the thought of impending death was the reason for making disposition of the property, or it may be that an early demise was the condition upon which the bequest was to become effective. There is certainly nothing to indicate that it was written solely to meet some temporary emergency, and intended to be a will only if death occurred within such limited period. Nor need we discuss the many authorities showing the distinctions to be drawn in such cases, from Todd's Will, 2 W. & S. 145, to Forquer's Est., 216 Pa. 331, all of which have been collected, with the decisions from other juris-

dictions, in 11 A. L. R. 846, for, taking either view, the decree of the court below should be affirmed.

Considering the will as conditional,—and if we did not the appellant would have no standing,—it is to be observed that the contention was here submitted on petition, answer and replication. No evidence of any extrinsic matters was offered to throw light on the intention of the deceased when he used the words "in the near future." It was therefore clearly a matter of interpretation of this language which the court approached, having in mind the rule that, "whether there has been a performance or breach of a condition precedent, or of a condition subsequent, depends upon a construction of the condition, a reasonable construction to be given in favor of the beneficiary and a strict construction against a forfeiture, and upon the circumstances of the particular case": 40 Cyc. 1717.

No facts were in dispute, and had a jury trial been had, the court necessarily would have instructed as to the legal effect of the words in question. It is not for a jury to speculate upon a possible intention of a testator, but for the court to interpret the language which appears: Brown v. Brown, 6 Watts 54; Curty v. Monnin, 14 Pa. Superior Ct. 102. Like determinations are found where, upon undisputed facts, the question of the reasonableness of delay in the performance of some obligation is involved, it being the duty of the court to solve the difficulty as a matter of law: Leaming v. Wise, 73 Pa. 173; Wright v. General Carbonic Co., 271 Pa. 332.

It was, therefore, under the circumstances disclosed, for the court to say what the words used meant, and we are not prepared to hold that it was wrong in finding that death within a little more than three months was "in the near future." The word "near" is a relative term (cf. Parke's App., 64 Pa. 137), and we are convinced that the construction given to it on the record here appearing was proper. The certificates of deposit were drawn so as to bear interest only after six months, and

evidently testator intended them to remain for at least that period. He made no effort to withdraw his letter, or secure the return of the papers, though there was ample time to do so, if the purpose of the transaction was merely to meet some passing crisis. This plainly suggests the thought that, for that period at least, he desired the endorsed certificates to remain. Testator evidently had in mind the possibility that he might change his manner of distribution, but he did nothing to indicate an alteration in his expressed desire.

The assignments of error are overruled, and the decree dismissing the appeal is affirmed at the costs of appellants.