## Eichelberger's Estate.

*Wills—Notice of intention to contest will—Distribution within two years
of testator's death.*

1. Under the Fiduciaries Act of June 7, 1917, P. L. 447, legacies are payable at
the expiration of six months from the date of the testator's death, and after said
period distribution may be ordered by the Orphans' Court.

2. Although the Register of Wills Act of June 7, 1917, P. L. 415, allows two
years from the date of the probate or refusal of the probate of a will to appeal
from the decree of the register, yet, meanwhile, valid administration of the estate
may proceed.

3. A disappointed heir cannot delay the administration of an estate by giving
notice to the executor of his intention to appeal from the probate of the will with-
out taking any further action in the matter.

4. Where a will was duly probated and an heir of the testatrix notified the
executors of an intention to appeal from the probate, but did not file an appeal,
and the executor, six months after the testator's decease, filed an account and the
balance was distributed by an auditor to the legatees and the report was con-
firmed, the court made an order, within two years of the testator's death, directing
payment of the legacies to the distributees.

Rule on the executor of Amelia H. Eichelberger, deceased, to show cause
why payment of legacies awarded to the petitioners by the auditor distribut-
ing the balance on the account of said executors should not be paid. O. C.
York Co.

*Ehrehart & Bange,* for petitioners.

*Cochran, Williams & Kain,* for respondents.

STOCK, J., Dec. 23, 1927.—The executors of Amelia H. Eichelberger,
deceased, administered their trust with reasonable promptness and filed their
first and final account, which was confirmed absolutely. An auditor was
appointed by this court to distribute the balance on their account. This
auditor performed his duties, and on Oct. 10, 1927, filed his report containing
a schedule of distribution, which report was confirmed *nisi* on the date of
filing and subsequently was confirmed absolutely. On Dec. 12, 1927, a peti-
tion on behalf of three of the distributees was presented to this court, setting
forth these facts and averring, in addition, the several amounts of the awards
made to them, that said three distributees had executed proper releases to the
executors, which were tendered to one of them and payment of their awards

demanded, which payment was refused by the executors. They, therefore, prayed for a rule upon the executors to pay these awards. A rule was granted, returnable forthwith, and respondents filed their answer the same day. After admitting the facts contained in the petition, respondents averred that Amelia H. Eichelberger, the decedent, died Sept. 4, 1926, leaving a last will and testament and codicil, which were duly admitted to probate and letters testamentary thereon granted to the respondents. Certain heirs-at-law and next of kin of the decedent, who were disappointed by this will and codicil, threatened to appeal from the decree of probate of said will, retained counsel, prepared to make contest, and had so notified respondents. No appeal from said decree of probate has been taken, but the respondents aver that under section 16 of the Register of Wills Act of June 7, 1917, P. L. 415, the time for appeal does not expire until Sept. 7, 1928, and that, therefore, they cannot with safety to themselves pay out and distribute the estate under the provisions of said will and in accordance with the awards made by the auditor. They express themselves ready and willing to comply with such order as the court may make in the premises, provided they are protected in so doing, and further pray that the petition be treated as having been filed on behalf of all the distributees set forth in the auditor's report. Argument was had on the petition and answer, taking all the facts therein averred as true without making formal proof.

The Fiduciaries Act of June 7, 1917, P. L. 447, contains the following provisions: Legacies, unless otherwise provided in the will, are due and payable at the expiration of six months from the date of testator's death: Section 21. "After the expiration of said period, distribution may be ordered by the Orphans' Court having jurisdiction of the accounts of the executor or administrator, on petition of any person having an interest in the assets to be distributed, or on petition of any creditor of the decedent:" Section 49 (a). This provision gives this court ample authority to make the order prayed for. Where distribution is awarded by the Orphans' Court, after audit and confirmation of the account of the fiduciary, "such decree of distribution shall protect the executors or administrators from personal liability with respect to the property so distributed:" Section 49 (b). After settlement and confirmation of the account of the fiduciary and distribution made, the fiduciary may be discharged by the Orphans' Court from the duties of his appointment and his sureties be discharged from further liability with respect thereto: Section 52 (a).

The Register of Wills Act of June 7, 1917, P. L. 415, provides as follows: "The probate or refusal of probate by the register of the proper county of any will, or any other paper purporting to be a will or codicil thereto, shall be conclusive as to all property, real or personal, devised or bequeathed by such will or codicil, or other paper, unless within two years from the date of such probate or refusal of probate those interested shall appeal from the decree of the register, as herein provided:" Section 16 (a). "From all the judicial acts and proceedings of the several registers, including all decisions granting an issue devisavit vel non, in a contest concerning the validity of a will, appeals may be taken to the Orphans' Court of the respective county within the term of two years:" Section 21 (a). "No appeal from any decree of the register concerning the validity of a will or the right to administer shall suspend the powers or prejudice the acts of any executor or administrator to whom letters have been granted:" Section 21 (b).

The provisions in these two acts, when read together, are not inconsistent. As to such property, real or personal, which has been administered and dis-

tributed in accordance with the provisions of the Fiduciaries Act within a period of two years from the date of probate, such probate is conclusive; and as to all property, real or personal, without regard to its distribution in accordance with the Fiduciaries Act, the probate is conclusive after two years from the date of such probate. While the decree of probate remains unappealed from, it is binding and effective as to all acts done thereunder. If any contestant stands by and allows a distribution to be made before taking his appeal, he suffers a loss due only to his own laches. The Orphans' Court, in making distribution within two years from the date of probate, is acting collaterally with respect to the question of the validity or the invalidity of the probate, and thus, for all purposes other than in the case of direct attack, the probate is conclusive. "While his [register's] decision stands unappealed from, it is conclusive and cannot be reversed and set aside by the decisions of the register of another county:" Schoenberger's Estate, 139 Pa. 132, 142. A contestant acting promptly and in good faith would have the right to ask for a postponement of distribution until his contest should be decided: Gilkeson v. Thompson, 210 Pa. 355, 360. Unpaid creditors of the estate, who may hereafter present and prove their claims, cannot proceed against the distributees or the executors to obtain a refund of any moneys already distributed by court order, but can only have recovery against assets not appearing in the account, the balance on which has been distributed: Frick's Estate, 277 Pa. 242, 249. "The claims of creditors are superior, of course, to the rights of heirs or distributees:" Robeno v. Marlatt, 136 Pa. 35, 42. Where, on appeal from the register's decree of probate, the probate and letters testamentary were revoked and letters of administration granted, which decree, however, was subsequently reversed by the Supreme Court, such reversal did not affect anything done under the letters of administration. Chief Justice Lowrey says (page 466) : "We do not hereby affect anything done under the letters of administration. So far as the estate has been properly administered by the administratrix, it must stand as administered and she must account according to law. The executor will have power only over so much of the estate as remains unadministered:" Patton's Appeal, 31 Pa. 465.

Hinkle v. Eichelberger, 2 Pa. 483, is relied on by respondents as authority for the rule that payment of a legacy subjects the executor to liability for the amount thereof if the will under which the legacy was derived is set aside. This is the rule where the payment by the executor is voluntary and not made under the protection of an order of court. Chief Justice Gibson states at page 484: "But he [the executor] paid it [the legacy] voluntarily, as well as with full knowledge of the circumstances." And the inference from this and other parts of the report of the case is that the legacy was paid during the pendency of the contest over the validity of the will, and the very question involved in the appeal was the incompetency of the witness to testify at the trial of the issue *devisavit vel non*, because of his interest due to such payment having previously been made. There would seem to be no ground to extend the authority of this case to fix the liability of the executor beyond voluntary payments of legacies.

An absolute decree of the Orphans' Court directing distribution protects the executor or administrator who makes payments in conformity therewith: Charlton's Estate, 86 Pa. 149; 88 Pa. 476; Gormley's Estate, 154 Pa. 378; Ferguson v. Yard, 164 Pa. 586, 595; Piper's Estate, 208 Pa. 636; White's Estate, 249 Pa. 115; 254 Pa. 98. The final confirmation of the report of an auditor appointed to distribute, containing a schedule of distribution, acts in effect as an order upon the fiduciary to distribute. However, an absolute

decree directing distribution is desired and will be made. As the executors have acted in good faith, without delay and with an evident purpose to secure the protection of the court, no allowance of interest will be made, and the order will be made general in scope to include all distributees.

And now, to wit, Dec. 23, 1927, the rule upon the executors to pay legacies is made absolute, and the executors are ordered and directed to pay forthwith the several awards to the several distributees respectively, as set forth in the schedule of distribution contained in the report of the auditor filed Oct. 10, 1927; and the payments in distribution made by the executors as advancements on account of legacies prior to the filing of said auditor's report are confirmed; all such payments to be made without interest, and the costs of this proceeding to be paid by the estate out of an undistributed balance reserved for the payment of taxes.