Smith's Estate.

Argued April 28, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. Roy Lilley,* with him *William P. Wilson* and *Edward B. Farr,* for appellant.—Where the language of a will is clear and unambiguous a doubt suggested by extrinsic evidence of the testator's circumstances at the time he wrote the will can not be permitted to affect the construction of the will: Allhouse's Est., 23 Pa. Superior Ct. 146; Hancock's App., 112 Pa. 532.

Mere negative words are not sufficient to exclude the heirs or next of kin; there must be an actual gift to some other definite object—a clear, apparent intention to pass the estate to another line of succession. The intention of the testator must be plain, not merely probable; if it is doubtful or conjectural, the heir is not excluded: Sloan v. Hanse, 2 Rawle 28; Corr's Est., 202 Pa. 391; Schmidt's Est., 183 Pa. 641.

It is difficult to discuss this illiterate letter, with its questionable allusions, as the last will and testament of any one. Doubtless it is a sufficient statement of intention to be adopted under the War Risk Insurance Act as a selection of a beneficiary but it seems apparent that it could never have been probated as a will except for unusual circumstances, which the record does not disclose.

*Joseph F. Ogden,* for appellee.—It is undoubted law that whatever may be the form of a duly executed instru-

ment, if the person executing it intends that it shall not take effect until after his death, and it is dependent upon his death for its vigor and effect, it is testamentary: Tozer v. Jackson, 164 Pa. 382; Frew v. Clark, 80 Pa. 170; Diehl's Est., 11 Pa. Superior Ct. 293; Fosselman-Elder, 98 Pa. 159, 169.

Where, as here, the intent of the testator is expressed in plain language, no rules of construction are necessary: Price's Est., 279 Pa. 511; Wolfs's Est., 284 Pa. 169.

This will being a mariner's will, the courts all go farther in the effort to find an intention, than in the wills of civilians, but in the case at bar, the intention is plain, the wish is there, the desire is there, the disposition of worldly goods is there, and probated since the year 1923 and unappealed from.

It is the practice of the probate division to admit soldier-infant wills to probate, and the practice is recognized and not disapproved by the text-writers: Morgan v. U. S., 13 Fed. 763; Henninger's Case, 30 Pa. Dist. 413.

When a legacy is made by a will sufficient in its terms to carry the insurance money if it had belonged to the testator's estate, it is sufficient to show the testator's solemn preference that the legatee be its recipient, rather than the next of kin, and this preference, so expressed, is sufficient to displace the next of kin, who was designated by the statute only because no one else had been designated: Fisher's Est., 302 Pa. 516; Ogilvie's Est., 291 Pa. 326.

A person can make but one last will and testament; the register can admit to probate but one paper writing as the last will and what he admits to probate is the will for the time being and if not appealed from......for all time: Cochran v. Young, 104 Pa. 333, 336; Patton v. Com. Trust Co., 276 Pa. 95; Polakoff v. Marchand, 287 Pa. 28; McAndrew's Est., 206 Pa. 366; Kern's Est., 212 Pa. 57, 61; Sebik's Est., 300 Pa. 45.

A will once admitted to probate and not appealed from is no longer open to attack: Stout v. Young, 217 Pa. 427; Beatty's Est. App., 193 Pa. 304; Bunce v. Galbrath, 268 Pa. 389; Sebik's Est., 300 Pa. 45.

The contestant, (appellant) is guilty of laches: Smith v. Blachley, 198 Pa. 173; Tozier v. Brown, 202 Pa. 359.

OPINION BY MR. JUSTICE KEPHART, May 26, 1932:

The policy of war risk insurance of Harold J. Smith did not designate any beneficiary to whom it would be payable at his death, which occurred on March 6, 1921, while he was still in the Marine Corps service. He was unmarried. On July 3, 1923, a letter written by him was probated as his will over appellant's objections. No appeal was taken from that probate.

The letter was received by Helen Kintner, a friend but not a relative of the decedent. The parts of it relevant to the disposition of his estate are as follows: "I got another letter from my mother the other day—I always knew that she didn't care nothing about me, and now she is writing to me and asking me to put my insurance in her name—she thinks no doubt I will get killed and she will get $5,000.00, but I am not even going to answer any more letters from her. I guess she thinks I am worth more to her dead than alive. It is made out in Bennie's name and that is where it is going to stay." "Bennie" referred to Benjamin Ball.

Since Smith's death, the monthly installments from the insurance were paid to Ball until his death in February, 1928. The disposition of the balance of the war risk insurance due at that time, $3,621, was the question before the court below. That court awarded the fund to the estate of Ball.

The only error assigned is the final decree awarding the fund to Ball's estate. Where the only assignment of error is to the final decree, the only matter that is considered is, do the findings of fact support it? Such an assignment not only concedes the correctness of the find-

ings of fact but also all inferences that may be deducible therefrom. We stated in Wilson v. New Castle City, 301 Pa. 358, 361: "The only assignment of error is to the decree. We have stated that where the final decree only is assigned, we will not go beyond the findings of fact to ascertain if the decree was justified. The evidence submitted to sustain them will not be inquired into." See also Atlas Portland Cement Co. v. American Brick & Clay Co., 280 Pa. 449.

We stated above that there was no appeal from the probate of the will. There is a presumption from the probate of a will that all the essential facts necessary to sustain the probate are present. The law provides the procedure necessary to overthrow that presumption if it is in any way challenged, and it must be followed: Holliday v. Ward, 19 Pa. 485; Shoenberger's Est., 139 Pa. 132; Sebik's Est., 300 Pa. 45. Probate of a will is conclusive of the fact that it is the will of the deceased person whose estate is under consideration, that it was made with all the statutory requirements physically present or supplied by proof,—that is, form, execution, capacity, proper age, or, if made by a mariner under age, that he was at sea.

It has been stated that where the question raised is one of jurisdiction of the subject-matter, that is always open to attack even in a collateral proceeding. We need not discuss this question as the proceedings, unquestioned, import jurisdiction.

The court below found that the boy was a mariner in the Marine Service; the evidence taken before the register was not present, and as the letter might not have been probated unless it appeared in evidence that the boy was at sea, the presumption arising from probate is that such evidence was present; and there is no evidence here to contradict it. The findings are conclusive on us.

Did the letter contain a testamentary disposition of the war risk insurance to his uncle, Benjamin Ball? The findings of the court below settle this question. The

court found that extrinsic collateral evidence was competent to show the paper was written and executed with testamentary intent. Such evidence was produced and stands unassailed. Evidence was also admitted to identify the beneficiary; to show that the writer of the will by mentioning "Bennie" meant his uncle, Benjamin Ball, with whom he had lived for some time prior to his enlistment, a person well known to Helen Kintner. The court below found the writer of the letter was stationed at Parris Island where he was in the service of his country, that he referred to his war insurance, to the uncertainties of life, and that he, having in mind the subject-matter,—life insurance,—the hazard of the service in which he had enlisted, the disposition he desired to make of what would be payable at his death,—meant that in such event the insurance should be paid to his uncle, Benjamin Ball, who, he evidently thought, was named in the war risk insurance. That he was mistaken, is not material. This letter was sufficient to authorize the War Insurance Bureau to recognize Benjamin Ball as the deceased's beneficiary, and it paid him the monthly installments. Upon the death of Benjamin Ball, the unmatured installments became a part of the estate of Harold J. Smith, and were paid to his personal representative for distribution in accordance with the law of this State, to be awarded, of course, if he died testate, as he did, to the person to whom it was bequeathed.

Relative to the letters being written to some person other than a member of his family or the household of his uncle, who might not preserve it, as a circumstance rebutting any inference of a testamentary disposition of the insurance, the court below said: "It must be remembered, however, that the young lady addressed knew the uncle and visited his home, and what occurred......
might have been anticipated by the writer." The letter was preserved, reaching the uncle and was by him probated as his nephew's will, notwithstanding the caveat that was filed by the latter's mother.

The court below also found that, as the testator was a mariner, his minority was no disqualification. Under the assignments of error as here presented, these findings are conclusive.

The decree of the court below is affirmed at the cost of appellant.