Mannarelli Estate.

Argued October 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused December 17, 1969.

*Mario P. Restifo,* with him *Held, Galbo & Restifo,* for appellant.

*Peter G. Schaaf, Edward G. Petrillo* and *Michael M. Palmisano,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, November 11, 1969:

The question for decision is whether the following holographic writing, written partly in Italian and partly in English and signed at the end by decedent, is a will:

"3-19-65

[In Italian]

"Mrs. Cousin Oliva:

I have received your letter and I am happy to know that you are all well in health. I would have written sooner but I was one week in the hospital. Now I am much better. I have understood everything that you tell me. You are the absolute owner. Nobody is above you. What you do for me it is alright.

[In English]

"I given to you free on your own goodwill Mr A Donofrio Executive Director Oliva Donofrio trustee

"Very truly yours

"Florind Mannarelli Owner?"

The orphans' court held that this writing is not a will. We affirm.

Where a writing by its terms clearly does not constitute a testamentary disposition, evidence of testamentary intent is not admissible. *Thompson Will,* 375 Pa. 193, 197, 100 A. 2d 69, 71 (1953) (citing cases). The instant writing falls into this category, since decedent does not indicate either what he is giving, or when his gift is to take effect.* Compare the following writings where testamentary intent was found: *Thompson Will,* 375 Pa. at 195, 100 A. 2d at 70 ("Catherine, I want you to know you are to get *all* I have when I die."); *Kauffman Will,* 365 Pa. 555, 76 A. 2d 414 (1950) ("dear bill i want you to have farm Annie Kauffman"); *Wenz's Estate,* 345 Pa. 393, 394, 29 A. 2d 13 (1942) ("In case of my death without having

---

* Although the hearing judge held that the writing was not ambiguous, he nevertheless did hear testimony on the question of testamentary intent. Most of this testimony was given by proponent; the judge had "grave doubts" as to credibility and held that proponent had not met her burden of proving testamentary intent.

made a will . . . .") ; *Smith's Estate,* 308 Pa. 265, 268, 162 Atl. 214, 214-15 (1932) ("[My mother] is writing to me and asking me to put my insurance in her name . . . . It is made out in Bennie's name and that is where it is going to stay.") ; *Kimmel's Estate,* 278 Pa. 435, 437, 123 Atl. 405 (1924) (in a letter discussing pork pickling, decedent wrote: "I have some very valuable papers I want you to keep fore me so if enny thing happens all the sock money in the 3 Bank liberty lones Post office stamps and my home on Horner St goes to George Darl & Irvin Kepp this letter lock it up it may help you out.") ; *Davis's Estate,* 275 Pa. 126, 128, 118 Atl. 645 (1922) ("Now I want you to hold theas cirtificates and shoul I dye in the near future you deliver the cirtificates . . . ."). Since the instant writing evidences no testamentary intent on its face, we must hold that the writing is not a will.

The decree of the Court of Common Pleas, Orphans' Court Division of Erie County, is affirmed. Each party to pay own costs.