## Charlton's Appeal.

1. Where an administrator, pursuant to an order of the Orphans' Court, has paid over money to a distributee, he will be protected against loss if the court should subsequently open and change the decree. Stewart's Appeal, 5 Norris 149, followed.

2. Where voluntary payments have been made by an administrator, and there is a subsequent decree in favor of the person to whom they were made, the administrator will be protected thereby.

January 28th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Orphans' Court of *Philadelphia county :* Of July Term 1878, No. 89.

The proceedings in this case were as follows : Mary Ann Charlton died intestate, on January 27th 1875. On February 25th 1876, her administrator, T. Stewart, filed his account, showing a balance of $2351.66. On the 3d of April 1876, this account was confirmed nisi, and the balance in the hands of the administrator was awarded to the decedent's daughter, Mrs. Conrad. No exceptions having been filed to the account the confirmation became absolute on the 24th of April, by a rule of court. During the year 1875, the administrator had advanced Mrs. Conrad $1850, and on May 9th 1876, under an ex parte order of the Orphans' Court made on May 6th, the balance in the accountant's hands, less $13.50 court costs, was paid to her. On the 27th of April, W. M. Charlton, who alleged he was the husband of decedent, filed exceptions to the confirmation of the account, and also a petition for a review, and the court opened the adjudication to permit him to be heard. The administrator had no notice of this proceeding, when he paid the balance on the 9th of May. On the 8th of December 1876, a corrected adjudication was filed, and the administrator was directed to pay Charlton, as husband of the decedent, one-half of the balance for distribution, viz.: $1175.83. From this decree the administrator appealed to this court, which reversed the court below, and the case was remitted to the Orphans' Court to determine whether the money which had been paid to Mrs. Conrad, in pursuance of the decree of May 6th 1876, had been paid before notice of the application for a review. On February 16th 1878, the Orphans' Court referred the matter to a master, to take testimony and report on this point. The master found the foregoing facts, in substance, and so reported. The court then vacated the order of April 27th 1876, dismissed the exceptions of Charlton, and set aside the adjudication of December 8th 1876 in his favor. From this decree he took this appeal.

*Pierce Archer, Jr.,* for appellant.—The wrongful voluntary payment of $1850 by the administrator to the daughter, in exclu-

[Charlton's Appeal.]

sion of the husband of decedent, before any account was filed, cannot be construed to have been "actually paid over according to the decree," to use the language of SHARSWOOD, C. J., in Stewart's Appeal, 5 Norris 149, when this case was here before, when in point of fact no decree to pay over was made for a year after the voluntary payment. If the accountant's attorney procured an ex parte decree, after notice of the husband's claim, in order to get the balance of $488.16 into his other client's hands (the daughter), in fraud of the husband's rights, he should not be protected even as to it.

*H. F. Hepburn*, for appellee.

Mr. Justice GORDON delivered the opinion of the court, February 17th 1879.

If we are to adopt the decision of this court, made one year ago in Stewart's Appeal, *supra*, we cannot convict the court below of error. In that case our brother, the present chief justice, said: "If the sum, or any part of it, was actually paid over according to the decree before notice of the application for a review, both the express provisions of the Act of 1840, and the plain dictates of justice and equity, require that the appellant should be protected." Now if we are to take the finding of the Orphans' Court for verity, and we see no reason why we should not do so, neither the administrator nor his counsel had notice of the filing of the exceptions of April 27th 1876, until after the entire balance had been paid over to the distributee in accordance with the decree of the court. Such being the case, the former decision governs, and the present ruling of the Orphans' Court must be affirmed. It was urged that that part of the money of the estate which the administrator paid to Mrs. Conrad, before the date of the decree, be paid at his own risk. This is true, but only at the risk of a decree in favor of the person to whom he paid it; when, however, that decree was made his risk was at an end, since that decree covered not only the balance remaining in his hands, but all previous payments. In other words, the decree of the 3d of April 1876, determined definitely that Mrs. Conrad was entitled to the whole sum of $2351.56, and so it was not merely an order to pay over to her the balance, but it was an approval also of the payments previously made. It was a final adjudication that she was the sole distributee, and when her claims were met and satisfied, that was an end of the matter.

Decree affirmed ; appellant to pay costs.