# Appeal of Lex, Executor, &c.

97   289
164  596

1. The fact of an attachment-execution being issued out of the Common Pleas against a legatee as defendant, and an executor as garnishee, does not afford valid ground for the executor's refusing to comply with a peremptory order of the Orphans' Court, directing him to pay over the amount of the legacy to an assignee, claiming under the legatee by an assignment prior to the date of the issuing of the attachment-execution.

2. In such case, the Orphans' Court has full jurisdiction over the distribution of the fund, and has full power to hear and determine all questions arising in the distribution. The mere fact, that the creditor of the legatee has not presented his claim in that forum does not impair the force and effect of its decree.

February 24th 1881.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Orphans' Court of *Philadelphia county:* Of January Term 1881.   No. 125.

This was an appeal from a decree directing William Henry Lex, executor of the estate of E. H. Bonsall, deceased, to pay to John

1 OUTERBRIDGE—19

Fallon a sum of money awarded to him on the audit of the account of said Lex as executor.

Edward H. Bonsall died in April 1879, having by his will, dated April 15th 1876, duly proved, bequeathed to his son, Jeremiah Bonsall, a legacy of $1000. The executor filed his account in May 1880; and upon the audit, before ASHMAN, J., John Fallon presented a claim to the said legacy, founded upon an assignment of it to him by Jeremiah Bonsall, the legatee, dated April 22d 1879. It further appeared by the evidence that on May 13th 1879, an attachment-execution, at the suit of T. B. P. Dixey, executor, &c., issued out of the Common Pleas No. 3, of Philadelphia county, on a judgment in the old District Court of June Term 1865, No. 267, against Jeremiah Bonsall, defendant, and William Henry Lex, executor, garnishee; that interrogatories and answers had been filed, and the cause was then awaiting trial. The plaintiff in said suit did not appear at the audit, although he had notice of it. The auditing judge allowed Mr. Fallon's claim, and awarded to him the legacy of $1000, with interest. In his adjudication, he said, inter alia, " Under the decision in Hammett's Appeal, 3 W. N. C. 416, and the authorities there cited, the auditing judge must allow this claim. The jurisdiction of the Orphans' Court in the subject-matter is undoubted; and it was not pretended that the attaching-creditor had no notice of the audit. No demand was made for time in which to disprove the claim of Mr. Fallon or to establish that laid in the attachment."

Exceptions filed to the adjudication were dismissed by the court, and the adjudication confirmed; whereupon the court, on November 27th 1880, granted a peremptory order on W. H. Lex, executor, directing him to pay the amount awarded to Mr. Fallon. To this order, Lex filed an answer, setting forth that the plaintiff in the attachment suit denies the jurisdiction of the Orphans' Court, and is proceeding in said attachment suit in the Common Pleas; that he has notified the respondent that in the event of his obtaining judgment in said suit he will hold the respondent liable for the amount of said legacy. The respondent, fearing that by such conflict of jurisdiction he may be called upon to pay the same amount twice, prayed that the order granted on him might be suspended until the determination of the attachment suit, and further asked the protection of the court in the premises.

On December 20th 1880, the court entered the following decree: " The petition or answer of W. H. Lex, executor, having been argued by counsel, the court dismiss the same, and make absolute their order of November 27th 1880." Whereupon, W. H. Lex, executor, took this appeal, assigning for error the said decree and the refusal of the court to mould its decree so as to protect the rights of the appellant whilst the said attachment is pending and undetermined.

[Lex's Appeal.]

*Frank Kelley* and *George W. Thorn*, for the appellant.—In Otterson *v.* Gallagher, 7 Norris 355, this court said that it was not called upon to decide the question, whether an attaching-creditor is compelled to go into the Orphans' Court with his claim. That question arises here, incidentally, in considering whether the executor will be protected, by paying the money, under a decree of the Orphans' Court, to Fallon. The doctrine in Hammett's Appeal, 3 W. N. C. 416, does not apply here. The attaching-creditor's claim is here against the legatee, not against the decedent's estate: Campbell's Estate, 9 Phila. R. 346. The attachment issued from the Common Pleas a year before the executor's account was filed in the Orphans' Court. That court had jurisdiction to decide upon the claim. The plaintiff did not appear at the audit, and denied the jurisdiction of the Orphans' Court to affect him in a proceeding to which he was not a party. Can the Orphans' Court oust the jurisdiction of the Common Pleas, deprive the plaintiff of his right to a jury trial, and bind him by decree in his absence? If not, the executor may have two judgments against him in two courts of competent jurisdiction, for the same matter.

*W. Howard Gendell* (*John Fallon* with him), for the appellee.— The executor is not a "party aggrieved" by the decree, and has no right to appeal: Mellon's Appeal, 8 Casey 130; Stineman's Appeal, 10 Id. 395; Sharp's Appeal, 3 Grant 261; Craig's Appeal, 2 Wright 330; Otterson *v.* Gallagher, 7 Norris 355. Even if the attaching-creditor obtains a judgment against the executor after he has paid the legacy, under the decree of the Orphans' Court, he will not suffer, because the judgment would be *de bonis testatoris*, not *de bonis propriis*.

The Orphans' Court has exclusive jurisdiction in all matters relating to the distribution of decedents' estates, including the rights of legatees and the validity of assignments of legacies, and including the right to determine the title of contesting claimants to the same fund, as an incident of distribution: Souder's Appeal, 7 P. F. Smith 498; Dundas's Estate, 23 Id. 474; Otterson *v.* Gallagher, 7 Norris 355. The attaching-creditor has the *right* to appear in the Orphans' Court and be heard. Whether, in fact, he appears or not, his interest is equally bound by the decree, which is substantially a decree *in rem*, but if his appearance is necessary in order to an adjudication that shall fully protect the accountant, it was in his power to have cited the attaching-creditor to appear and defend *pro interesse suo*: Dundas's Estate, *supra*; Otterson *v.* Gallagher, *supra*. By the Act of 1836, legacies are not attachable. If they were, an attachment before the settlement of an estate would be on a contingency, subject not only to the existence, but to an assignment of the legacy.

Mr. Justice MERCUR delivered the opinion of the court, May 2d 1881.

This appeal is by the executor of Edward H. Bonsall, from a decree commanding him to pay to the appellee a sum of money previously decreed to the latter by said court.

The money in contention arises from a legacy bequeathed by said Bonsall to his son Jeremiah. On an audit of the appellant's account, on the 18th June 1880, before the auditing judge, the appellee claimed this legacy by virtue of an assignment from Jeremiah Bonsall, dated 22d April 1879. It also appeared from the evidence there given that on the 13th May 1879, Dixey issued an attachment-execution out of the Court of Common Pleas No. 3, of said county, against the appellant, executor, as garnishee of Jeremiah Bonsall, on a judgment against the latter. The attachment had been duly served, and was then pending. Although this attachment was given in evidence, yet it is averred in the appellant's history of the case that the plaintiff therein did not appear at the audit, either in person or by counsel, and deny the right of the Orphans' Court to adjudicate upon his right under the attachment, and claim that the jurisdiction of the Common Pleas had attached before the account of the executor was filed. The auditing judge awarded the legacy to the appellee, and the adjudication was confirmed by the Orphans' Court. No appeal has been taken therefrom. The appellant now interposes that attachment still pending against him as a sufficient reason for not paying the money to the appellee. This involves a consideration of the effect to be given to the decree of distribution made by the Orphans' Court. It is a court of record. It had jurisdiction over the executor and the fund: Commonwealth v. Judges, 4 Barr 301; Culbertson's Appeal, 26 P. F. Smith 145. Its decree is conclusive unless appealed from within the time specified by Act of Assembly. It had an undoubted right to distribute the fund in the hands of the executor. It is objected that under the proceedings on the attachment the Common Pleas ousted the Orphans' Court from its jurisdiction over this fund; and by Dixey's declining to appear at the audit he is not affected by its decree. Both these positions are unsound. The proceedings in the Common Pleas did not divest the jurisdiction of the Orphans' Court to make distribution. Any right to the fund asserted or decided in the Common Pleas must still be presented and passed upon by the Orphans' Court. It is not only over the person of the claimants that the Orphans' Court has jurisdiction, but also over the fund. It alone can order its distribution. This necessarily gives it power to hear and determine all questions arising in the distribution. To decide not only between conflicting claims, but if there be none such, then who are entitled to the fund. The omission of any one there to present his claim does not impair the force and effect of

the decree giving the fund to another. The presumption is, that due notice of the audit was given. It is not denied that Dixey had notice. It is substantially admitted that he had. If he had not, his remedy would be by application to open the decree, and not to resist its execution. We think the alleged apprehensions of the appellant, that the decree of the Orphans' Court will not fully protect him, are groundless.

> Order affirmed, and appeal dismissed at the costs of the appellant.