## Joseph C. Ferguson, Assignee of Shackamaxon Bank, Appellant, *v.* Benjamin H. Yard et al.

*Equity—Trusts and trustees—Judgment—Equity pleadings.*

A bill in equity to compel the application of real and personal property which an executrix in her own individual name conveyed to a trustee, to the payment of a judgment recovered against her as executrix, is fatally defective, where there is no averment that any portion of such property formerly belonged to testator's estate, or was derived directly or indirectly from it, or from the proceeds of it.

*Decedents' debts—Statute of limitations—Act of February* 24, 1834.

Under the act of Feb. 24, 1834, § 24, P. L. 77, a debt unsecured by a mortgage or judgment ceases to be a lien against a decedent's real estate, five years after the death of decedent.

*Decedents' estates—Distribution—Decree of orphans' court—Notice—Refunding bond—Executors and administrators.*

An executor or administrator who makes payment in conformity with a decree of the orphans' court directing distribution, is protected by the decree, and it is immaterial that a refunding bond was not exacted from the distributee.

An allegation of want of actual notice of the settlement of the account of an executor or administrator, or of the decree of distribution, is unavailing where it appears that the notice provided by the act of assembly has been given.

Argued March 29, 1894. Appeal, No. 284, Jan. T., 1894, by defendants, from decree of C. P. No. 2, Phila. Co., Sept. T., 1891, No. 710, dismissing bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill in equity for discovery, etc.

The bill averred as follows:

"I. Plaintiff is the surviving assignee of the Shackamaxon Bank under an assignment made for the benefit of the creditors of the bank in the month of May, 1885.

"II. On Jan. 30, 1886, your orator and his then co-assignee brought an action in this court, Dec. Term, 1885, No. 703, against the defendants Mary E. Yard and her husband Benjamin H. Yard, executors of the will of one Charles S. Murphy. In this action a judgment was recovered by the plaintiffs on Oct. 5, 1891, in the Supreme Court of this state upon appeal and certiorari.

" III. This action was brought upon a bond given by said Murphy for the faithful performance of duty by one Huggard. The bond was dated May 1, 1873, and the breach was unknown, saving to the parties to a fraud upon the bank, until the assignment of the bank above mentioned.   The amount recovered was $5,000.

" IV. Charles S. Murphy (who was a surety) died June 8, 1876.   His will was proved before the register of Philadelphia. The defendant, Mary E. Murphy (afterwards Yard) settled an account as executrix of this will in the Orphans' Court of Philadelphia, and the personal estate was awarded to her as the legatee by a decree absolute November 8, 1879.   The amount thus awarded consists of securities and cash of the value of $37,809.11.

" V. In 1883 the said defendant, then bearing the name Mary E. Murphy, being about to marry with the defendant Benjamin H. Yard, joined with him in conveying, by three several indentures, all her real and personal property to the defendants, the Guarantee Trust and Safe Deposit Company, in trust as to the personal property for herself, the said Mary, for life, remainder to Alma H. Murphy, her daughter, for life, remainder to the children, issue of the said daughter, and if there is no issue, to the persons entitled to the estate of the daughter under the intestate laws, with power to the trustee to change the investments.   The trusts as to the real estate were the customary trusts in a marriage settlement.

" VI. By one of these deeds, dated Nov. 6, 1883, personal property to the value of $18,000 was thus conveyed.   By other deeds of the same date real property of great value was conveyed on similar trusts.   In one there is a power of revocation given to the said M. E. Murphy, and in the other a power to sell is given to the trustee.   The value of the personal property thus conveyed far exceeds the amount recovered against the defendants, by the judgment above recited, as executors of Charles S. Murphy, and inasmuch as the defendant, Mary E., had received assets which were and are liable, and more than sufficient to pay this debt and the costs of the suit, the conveyance by her to the Guarantee Trust and Safe Deposit Company was a legal fraud on your orator as a creditor of Charles S. Murphy, the testator.   The settlement on Alma H. Murphy and her issue was voluntary.   At no time did

Mary E. Yard give a refunding bond, as required by the act of assembly.

"VII. Inasmuch as the legal title to the assets has been, as your orator is advised, transferred to the Guarantee Trust and Safe Deposit Company, and as the securities have all been changed, your orator is advised and avers that he requires the aid of a court of equity to compel an application of so much of the property received from the said Mary E. Murphy, now Mary E. Yard, by the said Guarantee Trust and Safe Deposit Company, to the payment of the debt due by her testator, Charles S. Murphy, and to the costs of the action.

"VIII. Your orator therefore requires the defendants, as directed by the memorandum agreement, to answer specifically:

"1. Whether in an action on a bond of Charles S. Murphy, deceased, your orator recovered a judgment for $5,000 and costs in the Supreme Court upon a writ of error to the judgment of this court in the action brought in Dec. Term, 1885, No. 703.

"2. Whether Mary E. Yard, then being Mary E. Murphy, and the executrix and legatee of Charles S. Murphy, did, on Nov. 6, 1879, obtain a final decree of the Orphans' Court for the City and County of Philadelphia, awarding the balance in her hands as executrix on the final settlement of her account as executrix of the said Charles S. Murphy, to herself as the widow and sole legatee of the said Charles S. Murphy.

"3. Whether the assets thus awarded and received or retained did not consist of cash and personal securities of the value of $37,809.11. If the value was different, what was the value of the said securities.

"4. Whether the said Mary E. Yard, then being Mary E. Murphy, did not join in three deeds conveying her real and personal estate, or the bulk of said estates, to the Guarantee Trust and Safe Deposit Company in trust for herself upon her intended marriage with Benjamin H. Yard, the defendant.

"5. Whether by the said conveyance of the personal estate the trusts declared of the property so conveyed were as stated in the bill, and, if not, in what respect do they differ from that statement, and what were the trusts that were declared.

"6. Whether the property thus conveyed consisted in whole or in part of property derived by her under the said adjudica-

tion either specifically, or was the proceeds of property so derived, or was purchased with said proceeds.

"7. Whether the said Mary at the time of conveying the property awarded by the said decree, or at any time, entered into any and what bond for refunding the property awarded her in case debts of the testator should be made to appear.

"8. What was the age of Alma H. Murphy in November, 1883, and what value or consideration was given by her for the settlement on her in the deed of that date mentioned in the bill.

"And that the defendant may answer the premises, and especially the specific interrogatories above mentioned as required by the memorandum annexed, and that your orator may be declared to be entitled to be paid the debt, interest, and costs of the judgment recovered by him out of the assets of the said Charles S. Murphy.

"2. That the funds held by the Guarantee Trust and Safe Deposit Company under the indentures above recited and which were received from the said Mary E. Murphy may be declared applicable to pay the said debt, interest, and costs.

"3. That the said trust company be directed to sell so much thereof as may be required for this purpose and apply the proceeds to the payment of the said debt, interest, and costs.

"4. And that your orator may have such further and other relief as to your Honorable Court shall seem meet.

"5. And that process may issue to compel the defendants to appear and answer the premises."

Defendants demurred to the whole bill for the following reasons:

"1. Because Benjamin H. Yard is improperly joined as a party to said suit, inasmuch as he is not interested in any way in this litigation, nor is any relief sought as against him.

"2. Because said bill is drawn in direct violation of sections 17 and 39 in the equity rules.

"3. Because it does not appear that judgment has been recovered against any of the defendants individually, and, therefore, plaintiff has no standing to ask that he be decreed to have a lien upon the property referred to in the bill.

"4. Because it does not appear that the judgment recovered against said Mary E. Yard, as executrix, cannot be paid out of

the undistributed assets of the estate of said Charles S. Murphy, deceased.

" 5. Because there is no averment that any of the assets conveyed to the Guarantee Trust and Safe Deposit Company were, or ever had been, assets of the estate of Charles S. Murphy, deceased.

" 6. Because the real estate conveyed to said Guarantee Trust and Safe Deposit Company, even if, at one time, it had been part of the assets of the estate of Charles S. Murphy, deceased, was at the time it was conveyed, and is now, freed and discharged from all claims upon the part of said Shackamaxon Bank, or on the part of plaintiff as its assignee."

7. Same averment as to personal estate.

" 8. Because a distributee who has personally received assets under an absolute decree of the orphans' court is not required to repay the same because of the judgment recovered against the estate of the decedent.

" 9. Because no refunding bond is required on a decree absolute on a distribution by the orphans' court."

The following decree was entered by PENNYPACKER, J.:

" And now, January 8, 1894, this cause came on to be heard at this term, and was argued by counsel, and the court being of opinion that, under section 24 of the act of Feb. 24, 1834, all claims of plaintiff against the real estate of said Charles S. Murphy, deceased, have been lost by lapse of time; and that the distribution actually made of the personal estate of said decedent, under and by virtue of the absolute decree of the orphans' court, dated Nov. 8, 1879, which said decree to this day stands unappealed from and unreversed, protects the personal property now in the hands of the Guarantee Trust and Safe Deposit Company, as trustee, no part whereof ever belonged to said decedent, from any claim thereon by plaintiff in this proceeding. It is ordered and decreed that the demurrer be sustained, and that plaintiff's bill be and the same is hereby dismissed at his costs."

*Errors assigned* were (1) in sustaining the demurrer; (2) in holding orphans' court decree conclusive; (3) in holding property at no time property of decedent; (4) in not overruling demurrer; (5) in not decreeing property liable for testator's debts.

*R. C. McMurtrie,* for appellant.—An ex parte decree, awarding a fund to the residuary legatee for his own use does not discharge the property from liability for debts.

There is no statute that professes to repeal the requirement of a refunding bond, nor any conferring a jurisdiction inconsistent with the continued existence of the duty: Hammett's Est., 83 Pa. 392.

It seems to have escaped every one that after the act of 1840 was passed, which is the act which CLARK, J., assumes to have discharged the obligation to give a refunding bond, the obligation is recognized and is imposed on all who take the legatee's share as a creditor by attachment or execution: Acts of 1842, § 2, P. L. 436; 1843, § 10, P. L. 235; Musser v. Oliver, 21 Pa. 366; Van Dyke's Ap., 60 Pa. 482; Schaeffer's Ap., 119 Pa. 640; Stecher v. Com., 6 Whart. 60.

The question is not whether the executrix is liable for not taking bonds, it is whether the property thus obtained by herself as a residuary legatee is exempted: Bullard v. Moor, 158 Mass. 418; Williams v. Gibbes, 17 How. 254; David v. Frowd, 1 Myl. & K. 200; Greig v. Somerville, 1 Rus. & Myl. 338; Gillespie v. Alexander, 3 Russ. 130; Sawyer v. Birchmore, 1 Keen, 391; Shinn v. Gough, 1 B. & Beat. 436.

In England an executor is compelled to settle an estate at his peril, and without the aid of a court unless necessary. And if he invokes that aid unnecessarily, which he is at liberty to do, he pays all the expenses: Jervis v. Wolferstan, L. R. 18 Eq. 18.

A legatee must refund to a creditor or another legatee, and though the executor cannot compel this, the creditor or legatee can, but in equity only: Noell v. Robinson, 2 Vent. 358; Hodges v. Woddington, 2 Vent. 360; Anon., 1 Vern. 162; Newman v. Barlow, 2 Vern. 205; Gillespie v. Alexander, 3 Russ. 130; Davies v. Nicholson, 2 De G. & Jones, 700; March v. Russell, 3 My. & Cr. 31; Noble v. Brett, 24 Beav. 499.

The case is narrowed to this: Is this equitable right done away with by the statutory provision and the repeal of that provision by judicial interpretation only? If the statute has been repealed by the court or by the legislature, has the equitable right at common law been destroyed? But it never has been repealed by the legislature: Williams on Executors (Perkins

ed.) 1450, note B., 1451–3–9, 1460–1, 2014–15–49, note p; Davis v. Newman, 2 Robinson, Va. 694; Gallego v. Atty. Gen., 3 Leigh, 450; McLure v. Askew, 5 Richard, 162; Walker v. Hill, 17 Mass. 384–5: Alexander v. Fox, 2 Jones' Eq. (N. C.) 106; Stuart v. Kissam, 2 Barb. 493; Tripp v. Talberd, 1 Hill, Ch. 142; McMullen v. Brown, 2 Hill, Ch. 457; Luptor v. Luptor, 2 Johns. Ch. 614–26–27, see note; Demere v. Scranton, 8 Geo. 43; Stephenson v. Axson, 1 Bailey, Eq. 274; McKinzey v. Smith, 2 Murphy (N. C.) 92. Thus we have the rule recognized in Massachusetts, New York, North and South Carolina, Virginia and Georgia.

*Alex. Simpson, Jr., A. W. Horton* with him, for appellee.—The real estate is not subject to the lien of testator's debts: Act of Feb. 24, 1834, P. L. 77, § 24; Kerper v. Hoch, 1 Watts, 9 Oliver's Ap., 101 Pa. 299; Bindley's Ap., 69 Pa. 297.

The cash and securities awarded to Mrs. Yard by the absolute decree of the orphans' court, are not liable to be declared subject to such a lien by the common pleas, even if they were still held by her in specie.

The absolute decree of the orphans' court, which court has exclusive jurisdiction over decedents' estates, has awarded them to appellee: Hammett's Ap., 83 Pa. 392; Shindel's Ap., 57 Pa. 45; Lex's Ap., 97 Pa. 289; Otterson v. Gallagher, 88 Pa. 357; Lockhart's Ap., 154 Pa. 378. The notice was sufficient: App v. Dreisbach, 2 Rawle, 305; Priestley's Ap., 127 Pa. 420; Braman's Ap., 89 Pa. 78.

In the absence of a contract to do so, a distributee is not bound to refund even a voluntary payment made by an administrator: Miller v. Hulme, 126 Pa. 277.

The English cases cited by appellant, which decided the contrary, were held, even prior to the act of 1832, to be of little if any validity here: Carson v. McFarland, 2 Rawle, 119.

And the general rule that a voluntary payment received without unfair practice or deceit, cannot be recovered back, though the receiver could not have recovered the money at law, is applied in all such cases: Edgar v. Shields, 1 Grant, 361; Montgomery's Ap., 92 Pa. 206.

A fortiori, if a voluntary payment cannot be recovered back, the right to retain a payment made under an absolute decree of

distribution by a court of competent jurisdiction, is unassailable in any other court: Hammett's Ap., 83 Pa. 392; Otterson v. Gallagher, 88 Pa. 357; Lex's Ap., 97 Pa. 289.

The statute of limitations is also a bar: Act of March 27, 1713, 1 Sm. L. 76; Montgomery's Ap., 92 Pa. 206; act of Oct. 13, 1840, § 1, P. L. of 1841, p. 1; act of June 30, 1885, P. L. 203; Ashhurst's Ap., 60 Pa. 290; Neely's Ap., 85 Pa. 387.

The orphans' court alone has jurisdiction: Kittera's Est., 17 Pa. 422; Weiting v. Nissley, 6 Pa. 142; Whiteside v. Whiteside, 20 Pa. 473; Ashford v. Ewing, 25 Pa. 213; Musselman's Ap., 65 Pa. 480.

In England they have no orphans' court, and no act of parliament relating thereto, a fact noted by appellant, but the effect of which he seems totally to have overlooked.

In Carson v. McFarland, 2 Rawle, 119, it was unsuccessfully attempted, prior to the act of 1832, to compel a common creditor to refund in a case where the whole estate was needed to pay preferred claims: Hoban's Ap., 102 Pa. 405; Montgomery's Ap., 92 Pa. 206.

On an absolute decree of distribution by the orphans' court no refunding bond is required: Moorhead's Est., 1 Chest. Co. 435; Woodward's Est., 2 Chest. Co. 9; Gunkel's Est., 6 Lanc. L. Rev. 217; Altinger's Est., 18 Phila. 666; Clark's Est., 1 Kulp, 32; Barlet's Est., 3 Kulp, 242; Palmer's Est., 16 Phila. 261; White's Est., 2 Dist. R. 214; Scott on the Intestate Law, 2d ed. 431; Hoban's Ap., 102 Pa. 405; Simpson's Ap., 109 Pa. 383; act of March 29, 1832, § 19, P. L. 190; act of Feb. 24, 1834, § 38, P. L. 80; Gallen's Est., 26 W. N. 308; Schaeffer's Ap., 119 Pa. 644; act of April 13, 1840, § 1, P. L. 319.

Pry's Ap., 8 Watts, 256; Earnest v. Earnest, 5 Rawle, 220; Swearingen v. Pendleton, 4 S. & R. 394; Patterson v. Nichol, 6 Watts, 382; Logan v. Richardson, 1 Pa. 372, were all cases of decedents dying prior to act of 1834, and by § 70 of that act it did not apply to such cases: Edgar v. Shields, 1 Grant, 361; Musser v. Oliver, 21 Pa. 366.

Sergeant v. Ewing, 36 Pa. 163, simply decides that a claimant, who has failed to claim at the audit of the account of the personal estate, is not debarred from a claim against the realty,

in the absence of an averment that the personalty would have been sufficient to pay the debts.

Van Dyke's Ap., 60 Pa. 482, repeatedly referred to by appellant upon this point, does not, itself, refer to the point at all.

Jones's Ap., 99 Pa. 124, was a case of voluntary distribution before account filed, and not a distribution under decree of court.

An examination of the statutes will clearly show that in the case of distribution under the absolute decree of the court, as in this case, no bond is required: Acts of March 29, 1832, P. L. 190 ; April 13, 1840, P. L. 319 ; Com. v. Snyder, 62 Pa. 153 ; act of July 27, 1842, P. L. 436; act of April 13, 1843, P. L. 236.

The decree below must stand for another reason. The bill does not pray that Mrs. Yard refund, but seeks to seat a lien upon assets conveyed by her under a marriage settlement, none of which in specie were received from decedent. Under our law marriage is a valuable consideration, and in the absence of actual fraud—not averred here—prevails even against creditors : Noble v. Brett, 24 Beav. 499 ; Frank's Ap., 59 Pa. 190.

OPINION BY MR. JUSTICE McCOLLUM, Nov. 12, 1894 :

Whilst the bill in this case was prepared and filed for the purpose of having the real and personal property which Mrs. Yard conveyed to the Guarantee Trust and Safe Deposit Company declared applicable to a judgment recovered against her as executrix of the estate of Charles S. Murphy deceased, there was no averment in it that any portion of such property formerly belonged to his estate, or was derived directly or indirectly from it or from the proceeds of it. The complainant did not even allege that he was informed and believed and expected to be able to prove that the property thus sought to be charged with the judgment constituted legal or equitable assets of the estate in the hands of the executrix or her trustee under the conveyances mentioned in the bill. As the whole purpose of the proceeding was to apply to the judgment against Murphy's estate the property which the Guarantee Trust and Safe Deposit Company held for Mrs. Yard and her daughter under deeds from the former, it was of the first importance that it should appear on the face of the bill that the property

sought to be so applied was prima facie, at least, an asset of the estate and liable for its debts. The learned judge of the court below was therefore fully justified in saying in substance, as he did in the decree dismissing the bill, that there was nothing on this record showing that the trust property ever belonged to Murphy's estate. He was also clearly right in his conclusion that under section 24 of the act of Feb. 24, 1834, the claim of plaintiff against the real estate of Charles Murphy deceased was lost by lapse of time. Murphy died on the 8th of June, 1876, and the suit in which the judgment was obtained was commenced on the 30th of January, 1886. As the claim was not founded upon or secured by a mortgage or judgment the lien of it was lost nearly five years before suit was brought for the recovery of it: Bindley's Appeal, 69 Pa. 297, and Oliver's Appeal, 101 Pa. 299. The act referred to and the cases cited relate to debts not secured by mortgage or judgment, and to the lien of such debts on the real estate of a decedent.

Assuming what was not alleged in the bill, to wit, that all or part of the fund held by the Guarantee Company in trust as aforesaid, represented cash and securities which Mrs. Yard received as distributee under the will of Chas. S. Murphy, deceased, was it an asset of his estate and applicable to the judgment in question? The cash and securities mentioned were awarded to her by an absolute decree of the orphans' court more than six years before suit was brought upon the claim, and more than twelve years before this bill was filed. This decree remains unreversed, it has never been directly assailed, and it cannot be successfully attacked collaterally. An executor or administrator who makes payments in conformity with such a decree is unquestionably protected by it: Stewart's Appeal, 86 Pa. 149, and Charlton's Appeal, 88 Pa. 476.

But it is contended that the decree affords no protection to the distributee because a refunding bond was not required by it. We cannot assent to this proposition. A voluntary payment by an administrator to a distributee cannot be recovered back in the absence of fraud or an agreement to refund in case it should prove to be an over payment or it should be needed to satisfy after-discovered claims against the estate; and further, the statute of limitations runs against the payment from the time it was made: Montgomery's Appeal, 92 Pa. 202,

and Miller v. Hulme's Exr., 126 Pa. 277. That a distributee who receives money from an administrator under and in pursuance of an absolute decree of the orphans' court is in a worse position than one who receives it without the sanction of such a decree is a proposition which has neither reason nor authority to support it. Nothing is better settled than that the orphans' court has exclusive jurisdiction to ascertain the amount of a decedent's property and to order its distribution among those entitled to it: Whiteside v. Whiteside, 20 Pa. 473. Its decrees, until reversed on appeal or opened by the tribunal in which they were entered, are conclusive: Lex's Appeal, 97 Pa. 289. An allegation of want of actual notice of the settlement of the account of an administrator, or of the decree of distribution, is unavailing where it appears that the notice provided by the act of assembly has been given: App v. Dreisbach, 2 Rawle, 305; Priestly's Appeal, 127 Pa. 420. At all events such allegation will not be considered in a collateral attack upon the decree. We think it is clear from the acts relating to distribution and from the decisions under them that the absolute decree of the orphans' court founded upon the notice prescribed by the statute is not made null by the omission to exact a refunding bond. In Shaeffer's Appeal, 119 Pa. 644, CLARK, J., in referring to distribution under the act of April 13, 1840, said: "In this form of distribution, notice to creditors being provided for, refunding bonds are not required." It is true that in that case this question was not squarely raised, inasmuch as refunding bonds had been given, but it is also true that the statement was in accord with the construction placed on the act in Scott on the Intestate Law, p. 431, and with the decision of this court in Hoban's Appeal, 102 Pa. 405. In view of the principles stated and the cases cited we concur in the conclusion reached by the learned court below and approve the reasons assigned for it in the decree. This renders it unnecessary to consider other objections to the bill which are in their nature technical. We may add that in the consideration of the case we have received material assistance from the carefully prepared and exhaustive brief presented by the learned counsel for the appellee.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.