## Rastaetter's Estate.

*Executors and administrators—Distribution of estate before end of year —Exclusion of creditor—Refunding bonds.*

An executor who files and secures the adjudication of his account and distributes the money of the estate within six months of the death of testator and grant of letters, without the taking of refunding bonds, is liable to a creditor of the estate who makes demand upon him within one year from the date of the issuance of letters testamentary; and suit against the executor brought in the common pleas within the year, and shortly after distribution, is equivalent to such demand, and relieves the creditor of any charge of laches.

Laches of creditors will not excuse the executor for not securing refunding bonds, but his failure to do so will amount to a devastavit and render him liable to creditors for the amount so paid out by him.

Executors and administrators owe a duty to creditors of a decedent quite as important as that to heirs or legatees.

Argued Nov. 14, 1900. Appeal, No. 50, Oct. T., 1900, by Catharine C. Kerper, executrix of William Kerper, deceased, from decree of O. C. Berks Co., refusing distribution to a creditor in the estate of Caroline Rastaetter, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition by creditor for distribution.

BLAND, P. J., found the facts to be as follows:

1. That Caroline Rastaetter, the decedent, died November 21, 1897, testate; and that letters testamentary upon her estate were issued to the Pennsylvania Trust Company, the executor named in her will, and accountant here, November 29, 1897.

2. That the said Pennsylvania Trust Company, executor, made publication once a week, for six weeks, i. e. on December 2, 9, 16, 23 and 30, 1897, and on January 6, 1898, in the Reading Eagle and Reading Times, two newspapers published in the city of Reading, where the decedent resided, requesting all persons having claims or demands against the estate of said decedent to make known the same without delay, in compliance with section 1, of the act of February 24, 1834, P. L. 73.

3. That the said Pennsylvania Trust Company, executor as aforesaid, filed its account in the office of the register of wills

of Berks county on February 3, 1898, and that George B. Miller, register of wills, and ex officio clerk of the orphans' court of Berks county, advertised the account in accordance with the requirements of section 30 of the act of March 15, 1832, the advertisement containing a notice to all persons interested that the judge of the orphans' court would sit to audit the account, and distribute the balance ascertained to be on hand, at the courthouse, April 4, 1898, at 10 A. M.

4. That in compliance with the advertisement, the account was called by the orphans' court for audit, April 4, 1898, and the audit adjourned to April 7, 1898, when the audit was closed; that neither Catharine C. Kerper, executrix of William Kerper, deceased, nor any other person claiming to be a creditor of the estate of the decedent, appeared and made demand upon the assets for distribution; and that distribution of the balance in the account, $1,465.25, was made under the will of the decedent, to legatees, as follows: To Bertha Kramer, $488.42; to Minnie Ortlieb, $488.42; and to Louisa Rastaetter, $488.41.

5. That the decree of distribution became absolute April 27, 1898, and the distributions were paid by the accountant to the persons entitled thereto respectively, without taking refunding bonds, on or about May 18, 1898.

6. That when it paid out the distributions in performance of the decree of the court, the accountant had no knowledge of the existence of any liability of this estate to any creditor. That the said distributions were paid out by the Pennsylvania Trust Company, executor, in good faith, and under a belief by its officers and agents acting in the matter, that the estate was not indebted to any one.

7. That on July 14, 1887, Caroline Rastaetter, the decedent, executed and delivered to the Reading Trust Company, her bond for $3,000, secured by her mortgage duly recorded in the office for recording of deeds in and for the county of Berks, and that the said Reading Trust Company afterwards, to wit: on June 1, 1888, sold and transferred the said bond and mortgage to the said William Kerper, of whom the said Catharine C. Kerper is executrix.

8. That on November 29, 1898, Catharine C. Kerper, executrix of William Kerper, brought suit on said bond in the court

of common pleas of Berks county against the Pennsylvania Trust Company, executor of Caroline Rastaetter, deceased, and on the same day served a copy of the declaration in said suit on the defendant; and that the suit was so proceeded in that on May 18, 1899, a final judgment for $772.64 was obtained against the defendant.

9. That the said Catharine C. Kerper, executrix, had no actual notice of the filing of said account of the Pennsylvania Trust Company, and of the audit thereof and distribution thereon, at the time of the filing, audit and distribution, respectively, and that it does not appear when or how she first obtained knowledge of the same.

10. That the first notice, in any form, to the Pennsylvania Trust Company, executor, of the existence of the claim of Catharine C. Kerper, executrix, was received on November 29, 1898, and was contained in a copy of the declaration filed by her in her said suit in the court of common pleas, and served on the Pennsylvania Trust Company on November 29, 1898.

The conclusions of the court on the facts were as follows:

1. That the provisions of the law relative to refunding bonds have no application to distributions of assets made in pursuance of a decree of the court after the account upon which distribution is made has been regularly filed and advertised for audit and distribution.

2. That this court had jurisdiction to make the decree of distribution of April 7, 1898, and that the accountant having paid out the distributions in compliance with the decree, is protected by it.

3. That Catharine C. Kerper, executrix of William Kerper, had legal notice of the said audit and distribution, and it was her duty to present her claim for distribution at the audit; and having failed to do so, she is bound by the decree of distribution.

4. That the accountant, having paid out the balance in the account in good faith in pursuance of the decree of this court, there is no fund in its hands for distribution to the claim of Catharine C. Kerper, and her prayer for distribution to her claim is therefore refused.

*Error assigned* was decree refusing distribution.

*Isaac Hiester*, for appellant.—A creditor has twelve months within which to present his claim against a decedent's estate and his rights cannot be taken away by payments or decrees of courts made within that period : Act of April 19, 1794, 3 Sm. Laws, sec. 15, 149; Act of March 29, 1832, P. L. 194, secs. 19, 20; Act of April 13, 1840, P. L. 319; Act of February 24, 1834, P. L. 73 ; Smith's Est., 1 Ashmead, 352; Mitchell's Est., 2 Watts, 87 ; Greiner's Est., 2 Watts, 414 ; Yorks's App., 110 Pa. 69; Wright's Est., 12 Pa. C. C. R. 589.

The precise question whether an executor can safely pay out a fund on an adjudication of an account filed within a year was brought before the Supreme Court and determined by them in Simpson's Appeal, 109 Pa. 383.   See also Robins's Est., 180 Pa. 630, and Jones's App., 99 Pa. 124.

The practice followed in this proceeding is that suggested by Jones's App., 99 Pa. 124, Robins's Est., 180 Pa. 630, and Gallen's Est., 26 W. N. C. 308.

*Cyrus G. Derr*, for appellee.—Under the laws of Pennsylvania it is the duty of an executor or administrator to file his account before the expiration of a year from the grant of letters by the register, and the filing of the account in question within three months from the death of the testator was but a prompt performance of the executor's duty : Act of March 15, 1832, P. L. 139; Act of February 24, 1834, P. L. 73.

The account having been promptly filed, what followed to and including the making of the distribution and the decree for payment in accordance therewith, resulted from the operation of the machinery of the law, over which the accounting executor had no control : Act of March 15, 1832, P. L. 135.

The decree so made by the court that the appellee, executor, pay the amounts distributed to the distributees respectively was one which the appellee was bound to perform, and there is no provision in any of the statutes which would have warranted the appellee in demanding from the distributees refunding bonds : Schaeffer's App., 119 Pa. 644.

The duty of creditors is to promptly present their claims to the executor or administrator, and a fair construction of the statutes is that by any delay of such presentation they lose their claim upon assets distributed by the court pending such

delay, and if the delay be persisted in until more than a year from the time of the statutory notice, they lose their right as to remaining assets.

If the foregoing position be incorrect, and if the decree of the court making distribution was premature and erroneous, yet the appellee, executor, is protected by such decree : Koch's Est., 4 Rawle, 268; Ferguson v. Yard, 164 Pa. 586.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

Caroline Rastaetter died November 21, 1897. Letters testamentary were issued to the Pennsylvania Trust Company November 29, 1897. On February 3, 1898, the executor filed an account in the register's office, showing a balance of personal estate. On April 7, 1898, pursuant to due advertisement by the register, the account was audited and distribution ordered to legatees. The decree of distribution was made absolute April 27, 1898. Distribution was made on or about May 18, 1898, to the persons named in the adjudication. No refunding bonds were taken. Thus was an account adjudicated upon and the money distributed within six months of the death and grant of letters, without the taking of refunding bonds and, as it now appears, to the exclusion of a creditor who made demand upon the executor within a year from the date of the issuance of letters testamentary.

It may be said by way of preface to the discussion, that executors and administrators owe a duty to creditors of a decedent quite as important as that to heirs or legatees. The former duty may be said to be primary, since the heirs and legatees take only after creditors are paid: Jones's Appeal, 99 Pa. 130. It is contended that the account of an executor must be filed "within" one year; that this warrants the filing at any time "within" the year, and that, therefore, an adjudication in due course upon an account filed "within" a year is protection to the accountant. The word "within" is found in section 24 of the act of March 15, 1832, prescribing the form of bond to be given by an administrator. The time at which accounts are to be filed is prescribed by section 15 of the act where it is said : "It shall be the duty of the said executors or administrators to make . . . . a just account and settlement thereof in one year or when thereunto legally required." In view of other exist-

ing legislative provisions, this means at the expiration of one year, or when thereunto legally required. The word "in" is not infrequently used in such a connection to fix a time at which, rather than within which, an act may, or must be, performed. The language certainly imposes no duty to account until the expiration of a year.

Under section 38 of the act of February 24, 1834, distribution by an administrator cannot be compelled "until one year be fully expired from the granting of the administration of the estate;" and, by section 47, executors "after one year elapsed from the granting of the administration of the estate, upon the requisition of any . . . . person interested, shall pay and deliver, under the direction of the orphans' court having jurisdiction of their accounts, all such legacies as are due and payable by them," etc. Thus neither administrators nor executors can be compelled to account short of a year, and provision is made by legislation for voluntary distribution by the accountant within the year by the taking of refunding bonds. It is, however, argued that as the distribution in this case was made pursuant to a decree of the court, the executor is protected, notwithstanding the year had not elapsed. But payment under a decree is only protection to the extent that the decree is enforceable, and by the act above quoted, the executor cannot be made to pay within the year. In addition to the provisions above referred to, section 22 of the act of February 24, 1834, provides, that "no executor or administrator shall be compelled to pay any debt of the decedent, except such as are by law preferred, . . . . until one year be fully elapsed from the granting of the administration of the estate." If an account and a decree within the year be protection to accountants in solvent estates, they must be equally so in insolvent estates. Thus if settled with sufficient speed, some creditors may be paid, while others may be excluded, and this, notwithstanding that by the terms of the act creditors shall not be deprived of their right to receive their dividend out of the assets, unless they fail to present their claims within "twelve months after public notice given," which limitation, it may be noted, has itself been held merely directory where the fund has not been actually distributed: Cowan's Estate, 184 Pa. 339. Again, as the law requires the payment of debts presented within one year, an

administration which permits a distribution to legatees before
the expiration of a year, involves a breach of duty, since the
oath prescribed by section 14 of the act of March 15, 1832, requires an executor or administrator to well and truly administer
the goods and chattels " according to law." Again, if distribution by decree within the year be protection, it is substantial
abrogation of the legislation providing for voluntary distribution
on bond given, or distribution after submission of statements,
on bond approved by the court, since none would adopt either
of these courses if simple accounting and decree furnish protection. The comments of the commissioners to revise the code
(Parke and Johns. Dig. 755–6) throw light upon the subject
now under review: "In this section we have declared as a
general rule what is believed to exist almost uniformly in practice and to be sanctioned by motives of justice and convenience,
viz : that executors and administrators shall not be compelled
to pay debts until the expiration of a year. . . . Then the term
of a year seems to be that which the legislature had looked to
for this purpose, as the 14th section of the act of 1794 admits
all creditors to participate in the fund, who shall exhibit their
accounts within twelve months after public notice ; and until
that lapse of time it is plain no division of the assets can safely
or justly be made."

The point at issue in this case is, we believe, substantially
ruled by Robins's Estate, 180 Pa. 630 ; Jones's Appeal, supra ;
and Simpson's Appeal, 109 Pa. 383. See also the discussion of
the subject by Judge PENROSE, in Gallen's Estate, 26 W. N. C.
308. We, therefore, reach the conclusion that the executor
has not been relieved from liability to the appellant by the
decree and distribution made. It is scarcely necessary to call
attention to the effect of a decree of distribution made after
the expiration of a year. Such decrees are enforceable by process, and payment made under them is, therefore, not voluntary : Schaeffer's Appeal, 119 Pa. 644 ; Hammett's Appeal, 83
Pa. 392 ; Ferguson v. Yard, 164 Pa. 586 ; Stewart's Appeal,
86 Pa. 149 ; Charlton's Appeal, 88 Pa. 476.

Finally, it has been suggested that the present appellant is
barred by laches from raising the point herein discussed, in
that he did not present his application to the orphans' court to
open the adjudication immediately on discovering that distri-

bution had been made. "But laches of creditors will not excuse the executor for not securing refunding bonds, but his failure to do so will amount to a devastavit and render him liable to creditors for the amount so paid out by him:" Robins's Estate, supra. The fact is, that promptly on learning of the distribution, the creditor who now appeals, issued a writ against the executor in the common pleas, and this within the year from the date of the taking out of letters. The legislative enactments required only the presentation of the claim to the executor within the year. The most forcible presentation that could be made was made by the service of a writ and statement. The common-law action was proceeded in with reasonable speed to judgment, which was an ascertained debt when application was made to open the adjudication in the orphans' court. The creditor was not bound to go to the orphans' court in the first instance, although perhaps he would better have done so. The course he has taken does not convict him of laches and seems to be approved by the Supreme Court: Robins's Estate, supra; Jones's Appeal, supra.

The decree is reversed and a decree is now entered for the appellant for his debt with interest to the date of this decree.