# Reading Trust Company, Appellant, v. Pennsylvania Trust Company.

*Executors and administrators—Decedent's estates—Creditors—Real estate.*
Where a creditor of a decedent goes into the orphans' court, and secures an adjudication of his claim and a decree against the executor awarding him his debt out of the personal estate, he cannot thereafter proceed against real estate of the decedent in the possession of a devisee. In such a case it is immaterial that the devisee may have participated in the distribution of the personal estate. The executor is alone responsible, and the creditor cannot even insist on restitution by the devisee to the executor.

Argued Nov. 9, 1903. Appeal No. 69, Oct. T., 1903, by plaintiff, from order of C. P. Phila. Co., June T., 1899, No. 92, restraining execution against real estate in case of Reading Trust Company to use of John Henry Cheetham v. Pennsylvania Trust Company, Executor of Caroline Rastaetter. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed..

Scire facias to continue lien of judgment.

ENDLICH, J., stated the facts to be as follows :

Caroline Rastaetter died in November, 1897, owing a certain debt to a party now represented by the Reading Trust Company. By her will she constituted the Pennsylvania Trust Company her executor, bequeathed her personalty to various legatees, and devised her real estate to one of them, Louisa Rastaetter. Within six months after the testatrix's decease her executor filed its account showing a balance of personalty in its hands, which, upon audit by the orphans' court, was ordered to be distributed to the legatees, there having been no notice or claim for payment of the debt referred to. The money was at once paid out by the executor to the legatees without exacting refunding bonds ; after which, but within a year from the death of the testatrix, demand for payment of said debt was made upon the executor and upon refusal thereof suit was brought against the same, resulting in the entry of a judgment against it to No. 50, May T., 1899, J. D. An application to the orphans' court to open the adjudication previously made and distribute to the Reading Trust Company the amount of its

judgment with interest was refused by that court, but upon appeal to the Superior Court allowed: Rastaetter's Est., 15 Pa. Superior Ct. 549. Thereupon, instead of enforcing the decree in its favor against the executor, the Reading Trust Company issued this sci. fa. against the executor, and Louisa Rastaetter, devisee of Caroline Rastaetter, in order to continue the lien of the judgment No. 50, May T., 1899, J. D., and to collect the same out of the land devised; and shortly afterwards marked the suit to the use of J. H. Cheetham. At the trial a verdict was directed in favor of plaintiff, subject to a point reserved.

The court made the following order:

And now, April 6, 1903, the within matter having come on to be heard and having been heard, upon petition and answer, on due consideration thereof and it appearing that the money can be collected from the Pennsylvania Trust Company, the rule to show cause is made absolute and it is decreed that the plaintiff be restrained from executing the said judgment, by levying upon and selling the real estate devised to the petitioner by her mother Caroline Rastaetter.

*Error assigned* was the order of the court, quoting it.

*Cyrus G. Derr*, for appellant.—A creditor's right under the laws of Pennsylvania is to be paid out of the estate of his deceased debtor; and in furtherance of this right, he may pursue either the real estate in the hands of the heir or devisee, or the personal estate in the hands of the executor or administrator, or both. And if he lose his right of payment out of the personal fund by mere nonpresentation of his claim within the time limited he may yet resort to the real estate, and his omission to pursue the personalty does not disentitle him to enforce payment out of the real estate under the lien which the statutes give to him: Sergeant v. Ewing, 36 Pa. 156; Smith v. Seaton, 117 Pa. 382.

If, as a general proposition, it were true that a devisee may, in relief of the land devised, oblige a creditor to enforce payment of his claim by compelling the executor to restore a fund erroneously distributed by him, such rule could not be applied where, as in the case under consideration, the devisee herself

was a party consenting to the erroneous distribution and receiving part of the moneys distributed: Sergeant v. Ewing, 36 Pa. 156.

*C. H. Ruhl*, with him *J. K. Grant*, for appellee.—An administrator, who has paid money within the year to a creditor of the intestate on account of a just debt, cannot recover it back on the ground that, by reason of deficiency in the assets, it afterwards appears to have been an over-payment by mistake : Carson v. McFarland, 2 Rawle, 118; Montgomery's App., 92 Pa. 202; 'Robin's Est., 180 Pa. 630.

OPINION BY HENDERSON, J., December 12, 1904 :

This is an appeal from the decree of the court below, restraining the plaintiff from levying upon and selling real estate of Louisa Rastaetter devised to her by her mother, Caroline Rastaetter. The facts out of which this proceeding originated appear in Rastaetter's Estate, 15 Pa. Superior Ct. 549, and need not be restated here. The plaintiff came into the orphans' court in that case and made application to have the confirmation of the auditor's report set aside and the case reopened to permit it to prove its claim and to participate in the distribution of the personal estate. The application was refused by the orphans' court, but on appeal to this court the decree was reversed and a decree entered for the appellant for its debt with interest to the date of the decree. It does not appear that the plaintiff applied to the executor for payment pursuant to this decree or took any steps to cause satisfaction to be made in accordance therewith, but it issued the scire facias in this action, to continue the lien of its judgment and for the purpose of collection out of the land devised to Louisa Rastaetter, and soon thereafter the present use plaintiff became the owner of the judgment. After the judgment of revival Louisa Rastaetter obtained a rule on the plaintiff to show cause why he should not be restrained from selling the land so devised, which rule was made absolute. We do not deem it necessary to discuss the question as to the right of the creditor to proceed against the real estate if he fail to obtain payment out of the personal estate of the decedent or if he fail to present his claim against the personal estate. The effect of

the decree in Rastaetter's Estate, supra, was that the executor had, or was legally presumed to have, assets in his hands for the payment of the judgment, and distribution was made to the plaintiff of an amount from such assets sufficient to satisfy his claim. The plaintiff voluntarily went into the orphans' court, caused the settlement of the executor's account to be set aside and a decree made for the payment of his judgment. He thereby recovered and had applied to his claim the amount due thereon. By this action he is concluded. In Sergeant's Executors v. Ewing, 30 Pa. 75, the court said : " It is not doubted that if the plaintiff had submitted his claim to the adjudication of the auditor and it had been passed upon by him and his report confirmed by the orphans' court, it would have been conclusive on him and he would have been estopped from contesting in the future what had been passed upon in this proceeding."

Having then submitted his claim to the executor and secured a final decree from the Superior Court awarding him his debt out of the personal estate, the present plaintiff is not in a situation to demand satisfaction of his claim out of the 'real estate devised to Louisa Rastaetter. In the present state of the case it is not a matter of any concern to the use plaintiff that the executor may have prematurely distributed the assets in its hands among the legatees and that therefore it is not in the actual possession of funds of the estate. The decree of the Superior Court referred to renders the executor liable and its financial responsibility is not questioned. The executor is not a party to this proceeding and we are not called upon to pass upon the rights and liabilities of the executor and devisee.

That a devisee has standing to compel the application of funds in the hands of an executor to a debt of the testator is shown in Benner v. Phillips, 9 W. & S. 13. The fund for the payment of claims is at all times under the control of the court: Sergeant's Heirs v. Ewing, 36 Pa. 156 ; Colwell v. Rockwell, 100 Pa. 133. The appellee is not affected by the assignment of the judgment to the use plaintiff. The latter's rights are no greater than were those of his assignor.

The appellant's case is not aided by the fact that the appellee participated in the distribution made by the executor. The executor is presumed to know the condition of the estate un-

der his control and to be familiar with its amount and value and to have knowledge of its liabilities: Montgomery's Appeal, 92 Pa. 202; no such presumption arises against a devisee. Payments made by the executor without authority of law are made at his own risk. Nor has the plaintiff, a stranger, standing to insist on restitution by the legatee to the executor. Moreover, a decree, the effect of which would be to reimburse an executor adjudged to be in default, out of the estate of one of the devisees, would not be equitable. None of the authorities cited by the learned counsel for the appellant support the proposition that after a decree in the orphans' court, in favor of a creditor on the distribution of the personal estate of a solvent decedent, the creditor may proceed against land in the hands of a devisee for the collection of his debt.

The decree is affirmed.